■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN MARTIN, Also Known as KEVIN GREEN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered October 10, 1989, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the sentencing court *(see,* CPL 220.60 [3]; *People v Brownlee,* 158 AD2d 610; *People v Rodriguez,* 150 AD2d 812). The court entertaining the motion must exercise discretion in affording a defendant a reasonable opportunity to advance the claims from which a determination can be made *(see, People v Brown,* 142 AD2d 683).

In the instant case, the defendant knowingly and voluntarily admitted his guilt in a thorough and complete allocution. He twice indicated that he was entering into the plea voluntarily, stated that no one had forced or coerced him to plead guilty, and averred that he was pleading guilty because he was in fact the perpetrator of the crimes. The defendant indicated satisfaction with his counsel and was fully apprised of his rights *(see, People v Harris,* 61 NY2d 9). Since the court had the defendant's motion papers before it and afforded the defendant ample opportunity to orally set forth his assertions of fear of reprisals prior to the imposition of sentence, we find that the court properly denied the defendant's motion and that a hearing was not necessary even though he made this application in a timely fashion *(see, People v McClain,* 32 NY2d 697). Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.