■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIONICIO TEJADA, Appellant. [696 NYS2d 403] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered April 30, 1997, convicting defendant, after a jury trial, of reckless endangerment in the second degree and leaving the scene of an incident without reporting, and sentencing him to concurrent terms of probation of 3 years and 1 year, respectively, unanimously affirmed.

The evidence at trial was legally sufficient to establish defendant's guilt and the verdict was not against the weight of the evidence. We see no reason to disturb the jury's credibility determinations. Given these determinations, there was ample evidence to support the requisite elements of the crimes of which defendant was convicted.

We conclude that defendant was not deprived of a fair trial by the isolated summation remark challenged on appeal (*see, People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). Concur—Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HILL, Appellant. [696 NYS2d 402] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered August 28, 1997, convicting defendant, upon his plea of guilty, of murder in the second degree, and sentencing him, as a second felony offender, to a term of 25 years to life, unanimously modified, on the law, to the extent of vacating the second felony offender adjudication, and otherwise affirmed.

As the People correctly concede, defendant was improperly sentenced as a second felony offender because his conviction is for an A-I felony (*see,* Penal Law § 70.06 [1] [a]), and because the 1996 predicate conviction occurred after defendant committed the instant felony (*see,* Penal Law § 70.06 [1] [b] [ii]). We modify the judgment accordingly. Concur—Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ.