In the Matter of JON E. BUDELMANN, as District Attorney of Cayuga County, Petitioner, v THOMAS G. LEONE, as County Court Judge, Cayuga County, et al., Respondents. [851 NYS2d 755]—

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to prohibit respondent Thomas G. Leone, as County Court Judge, Cayuga County, from enforcing an amended commitment dated September 24, 2007.

It is hereby ordered that the petition is unanimously granted without costs and judgment is granted in favor of petitioner as follows: "It is ADJUDGED that respondent Thomas G. Leone, as County Court Judge, Cayuga County, is prohibited from enforcing the amended commitment dated September 24, 2007 under Cayuga County superior court information No. 2003-053."

Memorandum: Petitioner, the District Attorney of Cayuga County, commenced this original CPLR article 78 proceeding seeking to prohibit respondent Thomas G. Leone, as County Court Judge, Cayuga County, from enforcing an amended com-

mitment, pursuant to which Judge Leone had altered the original sentence imposed for respondent Kelly A. McCandrew's violation of probation under superior court information No. 2003-053. We note at the outset that, because petitioner contends that Judge Leone lacked the power to alter his original sentence after McCandrew had begun serving that sentence, we conclude that this proceeding pursuant to CPLR 7801 is the proper procedural vehicle for the relief sought, i.e., "relief in the nature of a writ of prohibition" (*Matter of Pirro v Angiolillo*, 89 NY2d 351, 355 [1996]; *see Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]). We agree with petitioner that Judge Leone acted in excess of his authorized powers in altering the sentence originally imposed after McCandrew had begun to serve the original sentence. CPL 430.10 provides in relevant part that, "when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced." The original sentence imposed by Judge Leone "was in accordance with law" (*id.*; *see* Penal Law § 70.25 [1]; § 70.30 [2] [a]; [3]), and "[t]he authority to modify a lawful sentence that has commenced is limited to situations where the record . . . clearly indicates the presence of judicial oversight based upon an accidental mistake of fact or an inadvertent misstatement that creates ambiguity in the record," which is not the case here (*People v Richardson*, 100 NY2d 847, 853 [2003]). The calculation of jail-time credit, which was the basis for the alteration of the original sentence by Judge Leone, "involves a continuing, nondiscretionary, ministerial obligation" to be performed by the sheriff and correctional authorities (*Matter of Bottom v Goord*, 96 NY2d 870, 872 [2001]), not a court.

We therefore grant the petition and grant judgment in favor of petitioner accordingly. Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Pine, JJ.