■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY A. DEVIVO, Appellant. [861 NYS2d 487]—

Cardona, P.J. Appeal, by permission, from an order of the County Court of Broome County (Smith, J.), entered April 17, 2007, which denied defendant's motion pursuant to CPL 440.20 to, among other things, set aside a part of the sentence.

As set forth more fully in our prior decision upon his direct appeal (282 AD2d 770 [2001], *lv denied* 96 NY2d 900 [2001]), defendant was convicted of burglary in the second degree, perjury in the first degree and criminal mischief in the third degree, and sentenced to prison terms of 10 years, 3 to 6 years and 2 to 4 years, respectively. After County Court sought to clarify its sentencing order concerning which of the terms were to be served concurrently and which consecutively, defendant brought the instant CPL 440.20 motion asserting that, according to the minutes of his sentencing hearing, all three of his sentences were to be served concurrently. County Court denied the motion and, by permission of this Court, defendant now appeals.

We are not persuaded by defendant's claims that County Court originally ordered all of his sentences to run concurrently

and later improperly altered the sentence for his perjury conviction by ordering it to be served consecutively to his burglary sentence. The record of the sentencing hearing reveals that following the court's pronouncement of defendant's 10-year sentence on his burglary conviction, the court stated that on the perjury count defendant was "sentenced to a term of incarceration . . . for a period of not less than three years, no more than six years. That sentence, three to six years, will run consecutive to the ten year sentence for burglary." In light of that clear pronouncement, County Court's subsequent statement that the 2 to 4 year sentence for defendant's criminal mischief conviction "will run concurrent with the ten year sentence and with the three to six year sentence" was clearly a misstatement, the clarification of which was within the court's inherent powers (*see People v Richardson*, 100 NY2d 847, 853 [2003]; *People v Wright*, 56 NY2d 613, 614 [1982]; *People v Minaya*, 54 NY2d 360, 365 [1981], *cert denied* 455 US 1024 [1982]).

Defendant's remaining contentions, including his argument that as a result of County Court's misstatement he was unconstitutionally given two sentences for his perjury conviction, are unpersuasive.

Mercure, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed.