*972 Appeal from a resentence of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered October 6, 2006. Defendant was resentenced to an indeterminate term of imprisonment of 15 years to life upon his conviction of murder in the second degree.
It is hereby ordered that the resentence so appealed from is unanimously affirmed.
Memorandum: Defendant was convicted upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [2]), and he appeals from the resentence on that conviction. During the plea colloquy, Supreme Court expressed its intent to order that defendant’s sentence run consecutively to a prior undischarged sentence. Defendant stated that he understood the court’s intention, and he then entered his plea of guilty. During sentencing, however, the court failed to state on the record that the sentence was to run consecutively to the prior sentence. The court granted the People’s motion to correct the error after the People discovered that the sentences were running concurrently, and the court resentenced defendant to an indeterminate term of 15 years to life, to run consecutively to the prior sentence. We affirm.
A court has the inherent power to correct its mistake in sentencing a defendant where the mistake is clear from the record and the correction fully comports with the expectations of the parties at the time of sentencing (see People v Richardson, 100 NY2d 847, 850-851 [2003]; Matter of Campbell v Pesce, 60 NY2d 165, 169 [1983]). Here, the record establishes that the court unequivocally expressed its intent to order that the sentence run consecutively to the prior sentence during the plea colloquy, and there is no indication that the failure to do so was anything other than a mere oversight. Because the corrected sentence conforms to the parties’ expectations, the correction was proper (see People v Wright, 56 NY2d 613, 615 [1982]; People v Minaya, 54 NY2d 360, 364-365 [1981], cert denied 455 US 1024 [1982]; see also People v Fountaine, 8 AD3d 1107 [2004], Iv denied 3 NY3d 706 [2004]). We thus reject the further contention of defendant that the court abused its discretion in denying his postjudgment motion to withdraw the plea on the ground that he expected that the sentence would run concurrently with the prior sentence at the time he entered his plea (cf People v Bobo, 41 AD3d 129 [2007], Iv denied 9 NY3d 873 [2007]; People v Ford, 143 AD2d 522 [1988]). Indeed, on the record before us, *973 there is no “evidence of innocence, fraud, or mistake in inducing the plea” (People v Pane, 292 AD2d 850, 850 [2002], lv denied 98 NY2d 653 [2002]). Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.