■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYLE W. WRIGHT, Appellant. [912 NYS2d 160]—

Mercure, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered September 16, 2009, which resentenced defendant upon a verdict convicting him of the crime of murder in the second degree.

In 1984, defendant was convicted of, among other things, rape in the first degree—a violent felony sex offense (*see* Penal Law § 130.35 [1])—and sentenced to 8⅓ to 25 years in prison.

---

Defendant was released to parole supervision in September 2002 and, nine months later, killed his mother with an axe. Following a jury trial in 2004, defendant was convicted of murder in the second degree and sentenced to a term of imprisonment of 25 years to life. Upon appeal, this Court affirmed (*People v Wright*, 38 AD3d 1004 [2007], *lv denied* 9 NY3d 853 [2007]). We note that no mention was made of the manner in which this sentence was to run relative to defendant's prior undischarged prison term. As a result, defendant's 2004 sentence ran concurrently with his 1984 sentence by operation of law (*see* Penal Law § 70.25 [1] [a]).

Thereafter, in July 2009, the Albany County District Attorney learned that defendant was scheduled to appear before the Board of Parole in September 2009.[1] In response to the District Attorney's request, County Court then "clarified" its intent to impose the maximum sentence possible and directed that defendant's 2004 sentence run consecutively to his prior undischarged prison term.[2] This appeal ensued.

CPL 430.10 provides, in relevant part, that "when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced" (*see Matter of Budelmann v Leone*, 48 AD3d 1206, 1207 [2008]; *People v Carpenter*, 19 AD3d 730, 731 [2005], *lv denied* 5 NY3d 804 [2005]). While it is true that an illegal sentence cannot stand (*see People v Warner*, 69 AD3d 1052, 1054 [2010], *lv denied* 14 NY3d 894 [2010]; *People v Thigpen*, 30 AD3d 1047, 1049 [2006], *lv denied* 7 NY3d 818 [2006]), defendant's sentence—25 years to life—is an authorized sentence for a class A-1 felony (*see* Penal Law § 70.00 [3]

---

1. Where a defendant is serving concurrent indeterminate sentences, "time served under any of the sentences is to be credited against the minimum periods of all the sentences" (*Matter of Latham v New York State Dept. of Correctional Servs.*, 296 AD2d 675, 675 [2002], *appeal dismissed* 99 NY2d 531 [2002], *lv denied* 99 NY2d 508 [2003]; *see* Penal Law § 70.30 [1] [a]). Hence, defendant received an approximately 18-year credit against his 2004 sentence for the time served under his 1984 sentence (*see Matter of Dillard v Annucci*, 30 AD3d 917, 918-919 [2006]).

2. Although Penal Law § 70.25 (2-a) has since been amended to provide for the mandatory imposition of a consecutive sentence for a defendant convicted of a class A-1 felony where, as here, such defendant is subject to an undischarged term of imprisonment (*see* L 2009, ch 495, § 1 [eff. Nov. 16, 2009]), consecutive sentencing was not required either at the time defendant originally was sentenced in 2004 or when he was resentenced in September 2009.

[a] [i]).[3] "The authority to modify a lawful sentence that has commenced is limited to situations where the record in the case clearly indicates the presence of judicial oversight based upon an accidental mistake of fact or an inadvertent misstatement that creates ambiguity in the record" (*People v Richardson*, 100 NY2d 847, 853 [2003]).

Although the People argue that County Court's failure to impose a consecutive sentence here qualifies as judicial oversight, this is not an instance where the sentencing court either misspoke (*see People v DeVivo*, 53 AD3d 787, 788 [2008], *lv denied* 11 NY3d 787 [2008]) or imposed a sentence that was directly contrary to its stated intent and the parties' expectations (*see People v Jackson*, 59 AD3d 971, 972 [2009], *lv denied* 12 NY3d 854 [2009]). Rather, despite its awareness of defendant's prior conviction and undischarged prison term, County Court simply did not state whether it was imposing a consecutive or concurrent sentence. While imposition of a concurrent sentence may not have been the court's intent, nothing on the record prior to imposition of the original sentence reflected otherwise. Hence, despite "the court's postjudgment statements of original intent, the subsequent modification of defendant's sentence was prohibited by CPL 430.10" (*People v Richardson*, 100 NY2d at 853; *see People v Vasquez*, 88 NY2d 561, 580-581 [1996]).

Cardona, P.J., Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by directing that defendant's sentence shall run concurrently rather than consecutively, and, as so modified, affirmed.

---

3. The People argue that defendant should have been sentenced as a second violent felony offender, and the resulting failure to do so renders the underlying sentence invalid and requires that it be vacated (*see generally People v Ruddy*, 51 AD3d 1134, 1135 [2008], *lv denied* 12 NY3d 787 [2009]). The flaw in this argument is that having been convicted of a class A-1 felony, defendant does not meet the definition of either a second felony offender (*see* Penal Law § 70.06 [1] [a]; *People v Hill*, 264 AD2d 646 [1999]) or, as the People claim, a second violent felony offender (*see* Penal Law § 70.02 [1] [a]; § 70.04 [1] [a]).