# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**111**

**KA 10-00653**

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                             MEMORANDUM AND ORDER

CALVIN WALKER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered December 17, 2009. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree and robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of burglary in the first degree (Penal Law § 140.30 [4]) and robbery in the first degree (§ 160.15 [4]), defendant contends that County Court erred in failing to ask him at sentencing why he wished to withdraw his guilty plea. We reject that contention. Where, as here, "a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made" (*People v Brown*, 14 NY3d 113, 116 [internal quotation marks omitted]; *see People v Mitchell*, 21 NY3d 964, 966). "Only in the rare instance will a defendant be entitled to an evidentiary hearing; often a limited interrogation by the court will suffice" (*People v Tinsley*, 35 NY2d 926, 927). "The defendant should be afforded reasonable opportunity to present his contentions" (*id.; see People v Rossborough*, 105 AD3d 1332, 1333, *lv denied* 21 NY3d 1045; *People v Zimmerman*, 100 AD3d 1360, 1362, *lv denied* 20 NY3d 1015).

Here, during the plea colloquy, defendant admitted his involvement in the crimes in question, which involved a home invasion robbery and a separate armed robbery committed the following day, and waived his right to appeal. In return, the court promised to sentence defendant to concurrent determinate terms of imprisonment of 18 years, plus a period of postrelease supervision. At sentencing, however, defense counsel stated that defendant wished to withdraw his plea, and

that she had instructed him that a plea withdrawal was something that he needed to raise with the court. The court turned to defendant, who said "Yes. I withdraw my plea." The court asked defendant whether there was anything else he wished to say, whereupon defendant answered "No." The court then denied defendant's "request" to withdraw his plea and asked him if he wished to say anything before the negotiated sentence was imposed. Defendant availed himself of that opportunity, stating that he had not received any "information" about his case, and that he preferred to go to trial "rather than settle for 18, [be]cause that's a long time for something I didn't do." The record therefore establishes that defendant was afforded a reasonable opportunity to present his contentions. We note that if, as defendant contends, there is a legitimate basis for withdrawal of his plea, he may seek relief in a motion pursuant to CPL 440.10.

Finally, we reject defendant's contention that his sentence is unduly harsh and severe.

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court