# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

187

KA 12-00113

PRESENT: PERADOTTO, J.P., CARNI, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RAYSHON DAYS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

RAYSHON DAYS, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered August 24, 2011. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]). We agree with defendant that County Court failed to afford him the requisite "reasonable opportunity to present his contentions" on his motion to withdraw his guilty plea (*People v Tinsley*, 35 NY2d 926, 927; *see People v Frederick*, 45 NY2d 520, 525; *People v Carter*, 144 AD2d 1034, 1035). Prior to sentencing, defendant wrote a letter to the sentencing court seeking to withdraw his plea on several grounds. Because certain of the grounds involved alleged improprieties on the part of the sentencing court, the court transferred the matter to another judge for determination of defendant's motion. It appears from the sentencing transcript, however, that the newly-assigned judge either did not have or did not review defendant's moving papers, and the judge refused defendant's repeated requests to submit his written contentions in support of the motion (*cf. People v Gaskin*, 2 AD3d 347, 347, *lv denied* 2 NY3d 740; *People v Martin*, 186 AD2d 823, 824, *lv denied* 81 NY2d 791). Although the court verbally inquired into certain of defendant's claims, we cannot conclude that the judge "was sufficiently familiar with the case to make an informed determination on defendant's motion to withdraw the plea" (*People v Thompson*, 60 AD2d 765, 765). For instance, in response to defendant's assertion regarding the justification defense, the court stated: "I don't know

what happened there.  That was their point.  I am just here to sentence you."  We therefore conclude that, under the circumstances of this case, defendant was not "afford[ed] . . . a reasonable opportunity to advance his claims [such that] an informed and prudent determination [could] be rendered" (*Frederick*, 45 NY2d at 525).  We therefore hold the case, reserve decision, and remit the matter to County Court to afford defendant a reasonable opportunity to present his contentions in support of his motion to withdraw his plea (*see People v Anderson*, 222 AD2d 515, 515-516).

Entered:  February 13, 2015                          Frances E. Cafarell
                                                     Clerk of the Court