# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**266**

**KA 15-00260**

PRESENT: WHALEN, P.J., CENTRA, CARNI, DEJOSEPH, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

ADAM BUCCI, DEFENDANT-APPELLANT.

---

SESSLER LAW PC, GENESEO (STEVEN D. SESSLER OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered January 15, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal contempt in the first degree (Penal Law § 215.51 [b] [ii]), defendant contends that County Court erred in failing to conduct an evidentiary hearing or to make further inquiry into his allegations before denying his motion to withdraw his guilty plea. We reject that contention. "Only in the rare instance will a defendant be entitled to an evidentiary hearing [on such a motion] . . . The defendant should be afforded a reasonable opportunity to present his contentions and the court should be enabled to make an informed determination" (*People v Tinsley*, 35 NY2d 926, 927; *see People v Harris*, 63 AD3d 1653, 1653, *lv denied* 13 NY3d 744). Here, defendant was afforded the requisite opportunity to present his contentions (*see People v Wolf*, 88 AD3d 1266, 1267-1268, *lv denied* 18 NY3d 863), and his claims of innocence and coercion were belied by his statements during the plea colloquy (*see People v Ivey*, 98 AD3d 1230, 1231, *lv denied* 20 NY3d 1012; *People v McKoy*, 60 AD3d 1374, 1374, *lv denied* 12 NY3d 856). Defendant therefore failed to raise "a legitimate question as to the voluntariness of the plea" (*People v Brown*, 14 NY3d 113, 116), and the court did not abuse its discretion in concluding that no further inquiry was necessary (*see People v Strasser*, 83 AD3d 1411, 1411; *see generally People v Mitchell*, 21 NY3d 964, 966-967).

Entered: March 25, 2016

Frances E. Cafarell
Clerk of the Court