# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

355

KA 12-02153

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ANTHONY T. HENDERSON, JR., ALSO KNOWN AS BUTTER,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF
COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL),
FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P.
Geraci, Jr., J.), rendered September 26, 2012. The appeal was held by
this Court by order entered March 25, 2016, decision was reserved and
the matter was remitted to Monroe County Court for further proceedings
(137 AD3d 1670). The proceedings were held and completed (Douglas A.
Randall, J.).

It is hereby ORDERED that the case is held, the decision is
reserved and the matter is remitted to Monroe County Court for further
proceedings in accordance with the following memorandum: We
previously held this case, reserved decision, and remitted the matter
for a hearing upon determining that County Court (Geraci, J.) had
erred in summarily denying defendant's motion to withdraw his guilty
plea (*People v Henderson*, 137 AD3d 1670, 1670-1671). In support of
the motion, defendant had alleged that his attorney erroneously
advised him before he pleaded guilty that his plea could be withdrawn
at any time prior to sentencing (*id.* at 1670). Upon remittal,
defendant was represented by new counsel, and County Court (Randall,
J.) heard the testimony of defendant's former attorney. Defense
counsel then sought to call defendant as a witness, and the court
precluded defendant's testimony and closed the hearing without
rendering a decision on defendant's motion to withdraw his plea.

The court erred in failing to rule on defendant's motion. The
intent of our prior decision was for the court to conduct a hearing
*and* decide the motion by resolving any issues of credibility that
arose at the hearing (*see id.* at 1671; *see generally People v
Stephens*, 6 AD3d 1123, 1124, *lv denied* 3 NY3d 663, *reconsideration
denied* 3 NY3d 682). The court further erred in precluding defendant
from testifying at the hearing, inasmuch as "defendant's testimony
must be considered important proof bearing directly on" whether his

guilty plea was voluntarily and intelligently entered (*People v Plevy*, 52 NY2d 58, 65). The testimony of defendant's former attorney contradicted some of the assertions made by defendant in support of the motion, and thus defendant's testimony was necessary for the court's resolution of the resulting credibility issue (*see generally People v Prochilo*, 41 NY2d 759, 761; *People v Fitzgerald*, 56 AD3d 811, 813). Under the circumstances of this case, the preclusion of defendant's testimony deprived him of " 'a reasonable opportunity to advance his claims [such that] an informed and prudent determination [could] be rendered' " on his motion (*People v Days*, 125 AD3d 1508, 1509, quoting *People v Frederick*, 45 NY2d 520, 525). We therefore hold the case, reserve decision, and remit the matter to County Court to reopen the hearing and rule on defendant's motion after affording him an opportunity to testify (*see generally id.; People v Mack*, 122 AD3d 1444, 1445).

Entered: March 31, 2017                    Frances E. Cafarell
                                            Clerk of the Court