People v Shorter (2020 NY Slip Op 00692)





People v Shorter


2020 NY Slip Op 00692


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


7 KA 17-01653

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WAYNE SHORTER, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered June 27, 2017. The judgment convicted defendant upon his plea of guilty of driving while intoxicated, a class D felony and aggravated unlicensed operation of a motor vehicle in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [2]; 1193 [1] [c] [ii]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]). We reject defendant's contention that County Court abused its discretion in denying his pro se motion to withdraw his guilty plea without conducting an evidentiary hearing or making a further inquiry into his allegations. " When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances . . . [O]ften[,] a limited interrogation by the court will suffice' " (People v Manor, 27 NY3d 1012, 1013-1014 [2016]; see People v Walker, 114 AD3d 1257, 1258 [4th Dept 2014], lv denied 23 NY3d 1044 [2014]). " The defendant should be afforded reasonable opportunity to present his
contentions' " (Walker, 114 AD3d at 1258). Where "a motion to withdraw a plea is patently insufficient on its face, a court may simply deny the motion without making any inquiry" (People v Mitchell, 21 NY3d 964, 967 [2013]).
Here, the court allowed defendant to argue his motion to withdraw his plea, thus giving him a reasonable opportunity to advance his claims, and the court did not abuse its discretion in denying the motion without further inquiry or a hearing (see People v Alfred, 142 AD3d 1373, 1373 [4th Dept 2016], lv denied 28 NY3d 1142 [2017]; People v Bucci, 137 AD3d 1744, 1744 [4th Dept 2016]; People v Sparcino, 78 AD3d 1508, 1509 [4th Dept 2010], lv denied 16 NY3d 746 [2011]). Defendant argued that he felt forced to take the plea based on his attorney's comments regarding the upcoming suppression hearing, which suggested that his attorney would not adequately represent him. Contrary to defendant's contention, defense counsel's advice that defendant was not likely to win at the suppression hearing did not constitute coercion (see People v Griffin, 120 AD3d 1569, 1570 [4th Dept 2014], lv denied 24 NY3d 1084 [2014]). Additionally, defendant's contention that he was forced to take the plea by his attorney is belied by the record inasmuch as defendant stated during the plea colloquy that he was pleading guilty of his own free will and was satisfied with his attorney's services (see Bucci, 137 AD3d at 1744; People v Strasser, 83 AD3d 1411, 1411 [4th Dept 2011]).
Contrary to defendant's further contention, his motion to withdraw the guilty plea did not include a request for new counsel (see People v Ortiz, 173 AD3d 433, 433 [1st Dept 2019]; People v Singletary, 63 AD3d 1654, 1654 [4th Dept 2009], lv denied 13 NY3d 839 [2009]; [*2]People v Moore, 39 AD3d 1199, 1199-1200 [4th Dept 2007], lv denied 9 NY3d 867 [2007]). Moreover, even assuming, arguendo, that defendant implicitly made such a request in the motion, we conclude that he failed to make specific factual allegations of serious complaints that would trigger the court's obligation to conduct a further inquiry (see Ortiz, 173 AD3d at 433; see generally People v Sides, 75 NY2d 822, 824-825 [1990]).
Finally, the sentence is not unduly harsh or severe.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court