People v Ramos (2020 NY Slip Op 03364)





People v Ramos


2020 NY Slip Op 03364


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1265 KA 17-00835

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GREGORY RAMOS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered April 26, 2017. The judgment convicted defendant upon a plea of guilty of strangulation in the second degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon a plea of guilty of strangulation in the second degree (Penal Law § 121.12), defendant contends that Supreme Court abused its discretion in denying him a reasonable opportunity to advance his contentions in support of his motion to withdraw the plea. We agree.
Defendant entered his plea of guilty in satisfaction of a four-count indictment and waived his right to appeal. The court convened for sentencing, at which time defense counsel stated that defendant wanted to withdraw the plea, explaining that defendant had done his own legal research and determined that the appeal waiver encompassed issues that he wanted to raise on appeal. Defense counsel asked to be relieved due to an unspecified conflict of interest. Defense counsel, speaking in hypothetical terms, argued that withdrawal of the plea may be justified if defendant did not receive meaningful representation. The court questioned defendant directly. Defendant confirmed that he wanted to withdraw his plea. The prosecutor then asked the court to inquire into defendant's grounds for the motion. Defense counsel objected, and the court ruled in defense counsel's favor, apparently on the ground that such questioning might impermissibly intrude on privileged conversations. "[T]hat's something you'd have to talk to a lawyer about," the court explained, "[b]ut I'm going to deny that request." The court added that defendant had executed a written appeal waiver. Defendant began to explain why he had executed the waiver, but the court stopped him from doing so, stating, "It's not your turn to talk right now."
When a defendant who has previously entered a plea of guilty expresses the desire to withdraw his or her plea, the court must exercise discretion in affording the defendant a "reasonable opportunity" to advance his or her contentions (People v Frederick, 45 NY2d 520, 525 [1978]; see People v Days, 125 AD3d 1508, 1508-1509 [4th Dept 2015]). If the defendant challenges the action or inaction of defense counsel, the court may have to afford defense counsel the opportunity to explain his or her performance with respect to the plea (see People v Mitchell, 21 NY3d 964, 967 [2013]). A conflict of interest arises only if defense counsel takes a position adverse to his or her client, in which event the court must assign new counsel to represent defendant (see id.; People v Caputo, 163 AD3d 983, 984 [2d Dept 2018]).
Although we agree with our dissenting colleagues that defense counsel did not take a position adverse to defendant, under the circumstances of this case, we conclude that the court erroneously deprived defendant of a reasonable opportunity to present his contentions in support of his motion to withdraw the plea (see Caputo, 163 AD3d at 984; Days, 125 AD3d at 1509). [*2]Indeed, the court specifically precluded defendant from explaining the basis for his motion, and it is unclear from the record whether the motion was based on a contention of ineffective assistance of counsel or a different ground. We therefore hold the case, reserve decision, and remit the matter to Supreme Court to afford defendant a reasonable opportunity to present contentions in support of his motion to withdraw his plea (see Days, 125 AD3d at 1509).
All concur except Smith, J.P., and Bannister, J., who dissent and vote to affirm in the following memorandum: We respectfully dissent. The majority concludes that defendant was not given a "reasonable opportunity" to advance his contentions in support of his motion to withdraw his guilty plea (People v Frederick, 45 NY2d 520, 525 [1978]; see People v Caputo, 163 AD3d 983, 984 [2d Dept 2018]). We conclude, however, that Supreme Court gave defendant ample opportunity to present the grounds for his motion, but defendant failed to do so, and that "no further inquiry [by the court] was necessary" (People v Bucci, 137 AD3d 1744, 1744 [4th Dept 2016]).
It is not contested by the majority that the court conducted an adequate initial colloquy, appeal waiver colloquy, and factual colloquy before accepting defendant's guilty plea. Defendant acknowledged at that time that he was satisfied with defense counsel's services. Defendant also informed the court that he was pleading guilty because he did not want to put his family through a trial and because he wanted to avoid a potentially longer sentence.
At sentencing, a month later, defense counsel informed the court that defendant was requesting to withdraw his guilty plea because defendant had done some legal research of his own and had determined that his appeal waiver did not "leave him with sufficient options." Defense counsel further stated that he could not represent defendant on his motion to withdraw his plea because defense counsel would have to take a position adverse to defendant, and defense counsel asked to be relieved from his representation of defendant. The court asked defense counsel to state the grounds for withdrawal of the plea, but defense counsel refused. The prosecutor asked the court to inquire into the general grounds for defendant's request, but defense counsel immediately objected, and the court effectively sustained the objection and then denied defendant's request to withdraw his plea.
Based on the above facts, we conclude that defendant "was afforded the requisite opportunity to present his contentions" (Bucci, 137 AD3d at 1744). It is well settled that a guilty plea is meant to be "the end of a criminal case, not a gateway to further litigation" (People v Taylor, 65 NY2d 1, 5 [1985]), and in our view that principle should be particularly true of litigation stemming from grounds that the defense refuses to state.
Although the majority relies on Caputo (163 AD3d at 984), that case is distinguishable. Here, defense counsel did not take a position adverse to defendant. Indeed, even if defense counsel had informed the court that ineffective assistance of counsel was a ground for defendant's request to withdraw his plea, we note that merely stating a ground for such a request does not amount to taking an adverse position with respect to that request (see People v Mitchell, 21 NY3d 964, 967 [2013]). Unlike in Caputo (163 AD3d at 983-984), the court here encouraged an explanation from defendant regarding his request to withdraw his plea, and the defense had already been given at least three opportunities to state the grounds for the request before the court denied it.
Inasmuch as we have considered defendant's remaining contentions and conclude that they do not require reversal or modification of the judgment, we would affirm.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court