People v Castro-Ubiles (2020 NY Slip Op 05402)





People v Castro-ubiles


2020 NY Slip Op 05402


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


862 KA 18-01780

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JESUS CASTRO-UBILES, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER, THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered October 5, 2016. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends that his waiver of the right to appeal is invalid and that he received ineffective assistance of counsel. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid (see People v Love, 181 AD3d 1193, 1193 [4th Dept 2020]), we conclude that the judgment should be affirmed inasmuch as we reject defendant's contention that he was denied effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]; People v Kosmetatos, 178 AD3d 1433, 1434 [4th Dept 2019], lv denied 35 NY3d 994 [2020]). Moreover, defendant has not made the required showing, nor even alleged, that there is a reasonable probability "that he would have proceeded to trial absent counsel's alleged deficiencies" (People v Ware, 159 AD3d 1401, 1402 [4th Dept 2018], lv denied 31 NY3d 1122 [2018]; see People v Hernandez, 22 NY3d 972, 975 [2013], cert denied 572 US 1070 [2014]).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court