People v Rivera (2021 NY Slip Op 03977)





People v Rivera


2021 NY Slip Op 03977


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1132 KA 19-00511

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ELLIOTT L. RIVERA, ALSO KNOWN AS LITTLE, DEFENDANT-APPELLANT. 






THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
ELLIOTT L. RIVERA, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered November 23, 2016. The judgment convicted defendant, upon his plea of guilty, of kidnapping in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of two counts of kidnapping in the second degree (Penal Law § 135.20). Initially, we note that, even assuming, arguendo, that defendant correctly contends in his main brief that his waiver of the right to appeal is invalid (see People v Castro-Ubiles, 187 AD3d 1598, 1598 [4th Dept 2020], lv denied 36 NY3d 971 [2020]), his further contention in his main brief that he was denied effective assistance of counsel survives his plea "only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of [his] attorney['s] allegedly poor performance" (People v Miller, 161 AD3d 1579, 1580 [4th Dept 2018], lv denied 31 NY3d 1119 [2018] [internal quotation marks omitted]). Here, however, defendant's contention involves matters outside of the record on appeal, including his conversations with his attorney and the content of off-the-record plea negotiations and, thus, it must be raised by way of a motion pursuant to CPL article 440 (see People v Graham, 171 AD3d 1559, 1560 [4th Dept 2019], lv denied 33 NY3d 1069 [2019]; People v Spencer, 170 AD3d 1614, 1615 [4th Dept 2019]). To the extent that defendant's contention is reviewable on direct appeal, we conclude that it is without merit (see generally People v Baldi, 54 NY2d 137, 147 [1981]; People v Kosmetatos, 178 AD3d 1433, 1434 [4th Dept 2019], lv denied 35 NY3d 994 [2020]). Indeed, defense counsel secured an advantageous plea offer on defendant's behalf, and nothing in the record before us casts doubt on defense counsel's performance (see People v Goodwin, 159 AD3d 1433, 1434-1435 [4th Dept 2018]).
We reject defendant's contention in his main brief that Supreme Court abused its discretion in denying his motion to withdraw his guilty plea without conducting an evidentiary hearing or making a further inquiry into his allegations. "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (People v Brown, 14 NY3d 113, 116 [2010]; see People v Walker, 114 AD3d 1257, 1258 [4th Dept 2014], lv denied 23 NY3d 1044 [2014]). Here, the record establishes that defendant was afforded "a reasonable opportunity to advance his claims, and the court did not abuse its discretion in denying the motion without further inquiry or a hearing" (People v Shorter, 179 AD3d 1445, 1446 [4th Dept 2020], lv denied 35 NY3d 974 [2020]).
We also reject the contention of defendant in his pro se supplemental brief that the sentence is illegal. The imposition of consecutive sentences is not improper where, as here, the kidnapping of two separate victims constitutes two separate acts that arise from the same set of circumstances (see People v Brown, 5 AD3d 789, 790 [2d Dept 2004], lv denied 4 NY3d 852 [2005]; see also People v Chao Wang Lin, 266 AD2d 467, 467 [2d Dept 1999], lv denied 94 NY2d 878 [2000]).
Finally, we have reviewed the remaining contention raised in defendant's main brief and conclude that it does not warrant modification or reversal of the judgment. 
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court