People v Harris (2022 NY Slip Op 01643)





People v Harris


2022 NY Slip Op 01643


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, AND PERADOTTO, JJ.


114 KA 19-02225

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DERRICK HARRIS, DEFENDANT-APPELLANT. 






KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KAITLYN M. GUPTILL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered November 20, 2019. The judgment convicted defendant upon a plea of guilty of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). We reject defendant's contention that County Court erred in refusing to suppress his statements to the police during an interview. The evidence presented at the suppression hearing demonstrated that defendant was twice informed of his Miranda rights, that he understood those rights, and that he was not under duress or undue influence when he made those statements (see People v Sanders, 171 AD3d 1460, 1461 [4th Dept 2019], lv denied 33 NY3d 1108 [2019]). Under the circumstances of this case, the tactics used by the police in suggesting that others could be adversely affected if defendant did not admit to owning the subject handgun did not require suppression of defendant's statements (see People v Lewis, 93 AD3d 1264, 1265 [4th Dept 2012], lv denied 19 NY3d 963 [2012]).
Defendant's further contention that his plea was not knowingly, intelligently, and voluntarily entered is not preserved for our review inasmuch as he did not move to withdraw the plea or to vacate the judgment of conviction on the grounds presently raised on appeal, nor did the court expressly decide the questions raised on appeal (see People v Barrett, 153 AD3d 1600, 1601 [4th Dept 2017], lv denied 30 NY3d 1058 [2017]; see also People v Bentley, 191 AD3d 1392, 1392 [4th Dept 2021], lv denied 37 NY3d 954 [2021]; People v Molski, 179 AD3d 1540, 1541 [4th Dept 2020], lv denied 35 NY3d 972 [2020]). We reject defendant's contention that the court abused its discretion in denying his pro se motion to withdraw his guilty plea without conducting an evidentiary hearing or conducting a further inquiry into his allegation. As limited by defendant at sentencing, that motion was
" 'patently insufficient on its face' " (People v Shorter, 179 AD3d 1445, 1446 [4th Dept 2020], lv denied 35 NY3d 974 [2020]; see also People v Williams, 103 AD3d 1128, 1128-1129 [4th Dept 2013], lv denied 21 NY3d 915 [2013]).
We likewise reject defendant's final contention that he was deprived of effective assistance of counsel. The record belies defendant's assertion that defense counsel failed to properly inform defendant of the circumstances and consequences of his plea (see generally People v Demus, 82 AD3d 1667, 1668 [4th Dept 2011], lv denied 17 NY3d 815 [2011]). Contrary to defendant's further assertion, defense counsel's failure to join in defendant's pro se motion to withdraw the plea at sentencing did not constitute ineffective assistance (see People v Weinstock, 129 AD3d 1663, 1664 [4th Dept 2015], lv denied 26 NY3d 1012 [2015]; People v Trombley, 91 AD3d 1197, 1202-1203 [3d Dept 2012], lv denied 21 NY3d 914 [2013]; see [*2]generally People v Roberts, 121 AD3d 1530, 1532 [4th Dept 2014], lv denied 24 NY3d 1122 [2015]).
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court