People v Ramos (2022 NY Slip Op 06394)

People v Ramos

2022 NY Slip Op 06394

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, AND BANNISTER, JJ.

849 KA 17-00835

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GREGORY RAMOS, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered April 26, 2017. The appeal was held by this Court by order entered June 12, 2020, decision was reserved and the matter was remitted to Supreme Court, Erie County, for further proceedings (184 AD3d 1203 [4th Dept 2020]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of strangulation in the second degree (Penal Law § 121.12). We previously held the case, reserved decision, and remitted the matter to Supreme Court to afford defendant a reasonable opportunity to present contentions in support of his motion to withdraw his plea (People v Ramos, 184 AD3d 1203, 1204 [4th Dept 2020]). Upon remittal, the court again denied defendant's motion to withdraw his plea, but defendant now withdraws his contention of error with respect to the court's denial of that motion.
We reject defendant's contention that the court erred in failing to apprehend the extent of its discretion in imposing the period of postrelease supervision. We conclude that the court's statements at the plea proceeding regarding the imposition of a three-year period of postrelease supervision "do[ ] not, without more, indicate that the court erroneously believed that it lacked discretion to impose a shorter period" (People v Porter, 9 AD3d 887, 887 [4th Dept 2004], lv denied 3 NY3d 710 [2004]).
Even assuming, arguendo, that defendant is correct that his waiver of the right to appeal is invalid, and thus does not preclude our review of his challenge to the severity of his sentence (see People v Seay, 201 AD3d 1361, 1361-1362 [4th Dept 2022]), we nevertheless conclude that the sentence is not unduly harsh or severe. However, as defendant contends and the People correctly concede, to the extent that statements made by the court at the proceeding upon remittal were an attempt by the court to modify defendant's sentence to run the sentence consecutively to a sentence on defendant's federal conviction, the court was without authority to do so (see CPL 430.10; People v Richardson, 100 NY2d 847, 853 [2003]; Matter of Budelmann v Leone, 48 AD3d 1206, 1207 [4th Dept 2008]).
Defendant's remaining contention concerning the order of protection in favor of his children extends beyond the scope of the remittal and was not raised by defendant prior to remittal (see People v Pressley, 170 AD3d 1645, 1645 [4th Dept 2019], lv denied 33 NY3d 1072 [2019]; People v Butler, 75 AD3d 1105, 1105 [4th Dept 2010], lv denied 15 NY3d 919 [2010]). Even assuming, arguendo, that the contention is properly before us, we would conclude that it is without merit.
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court