*849
 
 OPINION OF THE COURT
 

 Graffeo, J.
 

 We are asked in this appeal to decide if a trial court has the inherent power to modify its lawful sentence of imprisonment where the court did not specify whether the sentence was to run consecutively or concurrently to an undischarged term of imprisonment on an unrelated conviction. Because the record of the original sentencing proceeding in this case does not suggest that the judge intended to impose consecutive sentences, we conclude that CPL 430.10 precluded the alteration of defendant’s sentence.
 

 In 1979, defendant killed an individual during an argument over money. He was convicted of murder in the second degree the following year and was sentenced to an indeterminate prison term of 15 years to life. After he was paroled, defendant killed two people in January 1995.
 

 Defendant remained at liberty until February 1999, when he was charged with a parole violation and returned to prison. Two months later, defendant was arrested for the 1995 slayings. He was eventually indicted on four counts of murder in the second degree — one count of intentional murder and one count of felony murder for each of the two victims — as well as one count of criminal possession of a weapon in the second degree. Although his first trial ended in a mistrial, a jury subsequently convicted defendant of the four second-degree murder counts.
 

 The trial court imposed a prison sentence of 25 years to life on each count of murder in the second degree, with the sentences for the intentional murders to run consecutively to each other but concurrently to the felony murder counts. This produced an aggregate term of imprisonment of 50 years to life. Because the commitment order did not specify that the sentence for the 1995 murders would be consecutive to the earlier undischarged sentence, the later sentence ran concurrently with the prior undischarged term by operation of law
 
 (see
 
 Penal Law § 70.25 [1] [a]). Upon, defendant’s return to prison, the Department of Correctional Services (DOCS) determined that defendant was therefore entitled to receive credit for the time served under his prior sentence against the new sentence of 50 years to life. Hence, after factoring the time defendant had served under the earlier sentence, DOCS calculated that he would be eligible for parole in approximately 35 years.
 

 
 *850
 
 After learning of DOCS’ parole eligibility computation, the People moved to reopen the sentencing proceeding to allow the court to clarify that it had intended the new sentence to run consecutively to the undischarged term of imprisonment. Defendant opposed the motion, arguing that the People’s proposal was tantamount to a resentencing, which was prohibited under CPL 430.10. Although the court acknowledged that CPL 430.10 barred resentencing, it indicated that it had intended defendant to serve no less than 50 years and its silence regarding the consecutive or concurrent status of the sentences was an inadvertent mistake. Accordingly, the court ordered that the new sentence of 50 years to life would run consecutively to the undischarged prison term. On defendant’s appeal, the Appellate Division affirmed the conviction and sentence. A Judge of this Court granted leave to appeal.
 

 The propriety of the trial court’s action turns on whether it fell within a sentencing court’s inherent power to modify a lawful sentence of imprisonment or constituted a resentencing prohibited by CPL 430.10. Defendant contends that a court’s ability to correct a sentence does not extend to this situation. The People, on the other hand, classify such unintentional error as a “mistake” that courts have long had the ability to correct. Under the facts of this case, we find the People’s argument unpersuasive.
 

 CPL 430.10 (“Sentence of imprisonment not to be changed after commencement”) provides that “[e]xcept as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced.” Despite the breadth of this statute, we have recognized that courts retain the “ ‘inherent power to correct their records, where the correction relates to mistakes, or errors, which may be termed clerical in their nature, or where it is made in order to conform the record to the truth’ ”
 
 (People v Minaya,
 
 54 NY2d 360, 364 [1981],
 
 cert denied
 
 455 US 1024 [1982], quoting
 
 Bohlen v Metropolitan El. Ry. Co.,
 
 121 NY 546, 550-551 [1890]). We have counseled, however, that this power “should be exercised with great caution” and only in circumstances where it “clearly appears” that a mistake or error occurred at the time a sentence was imposed
 
 (People ex rel. Hirschberg v Orange County Ct.,
 
 271 NY 151, 156 [1936]).
 

 Our CPL 430.10 jurisprudence has primarily involved sentencing determinations pursuant to negotiated plea
 
 *851
 
 agreements. We have held that courts have the inherent authority to remedy an illegal sentence by permitting modification to bring the sentence within the legal sentencing range that the defendant understood would be available upon conviction (s
 
 ee People v DeValle,
 
 94 NY2d 870, 871-872 [2000];
 
 People v Williams,
 
 87 NY2d 1014, 1015 [1996],
 
 rearg denied
 
 89 NY2d 861 [1996]).
 

 We have also allowed a court to correct an error where the sentence imposed deviates from what was expected by the court and the parties when a sentencing agreement was reached. For example, in
 
 Minaya
 
 the court and the parties understood that the defendant would be sentenced to an indeterminate prison term of 0 to 8 years in return for his guilty plea to attempted robbery in the first degree. When declaring the sentence, the court inadvertently stated that the maximum term of imprisonment would be three years. Upholding the court’s subsequent alteration of the maximum term to accord with the parties’ agreement, we explained that “[t]he inherent power of a court to correct its own errors extends to a statement or even formal pronouncement made by a court which may create ‘apparent ambiguity’ but ‘which is, plainly, the result of some inadvertence on * * * [the Judge’s] part, and which our reason tells us is a mere mistake’ ” (54 NY2d at 365, quoting
 
 Bohlen v Metropolitan El. Ry. Co.,
 
 121 NY at 550). We reached a similar conclusion in
 
 People v Wright
 
 (56 NY2d 613, 614 [1982]) because the record of the original sentencing proceeding “clearly indicate [d]” that the court inadvertently misspoke when it ordered a concurrent sentence rather than the consecutive sentence that the defendant had accepted as part of his plea bargain.
 

 In addition to these negotiated plea scenarios, we addressed the power to alter a sentence imposed after trial in
 
 People v Adkinson
 
 (88 NY2d 561 [1996]). The defendant had been convicted of 12 various counts after a jury trial. At sentencing, the trial court announced that the prison terms for counts 5, 6 and 11 would be consecutive to the sentences for counts 1 and 2. The court, however, did not state how counts 5, 6 and 11 would run in relation to each other. The court later issued an amended commitment order specifying that the sentences on counts 5 and 6 were to run consecutively to the sentence on count 11. We concluded that the sentencing court had improperly altered the defendant’s sentence because there was “no proof on the record that the court misspoke or that its failure to designate counts 5, 6 and 11 as ‘consecutive’ with respect to
 
 *852
 
 each other was accidental”
 
 (id.
 
 at 581). Hence, the court’s silence on this issue rendered those sentences concurrent by operation of law under Penal Law § 70.25 (1) (a).
 

 The rationale of
 
 Adkinson
 
 is dispositive in this case. Here, the trial court explicitly stated that the sentence imposed for the murder of the male victim would run consecutively to the sentence imposed for the killing of the female victim. This produced an aggregate indeterminate prison term of 50 years to life. But the court, as well as the People in their sentence recommendation, failed to address whether that aggregate sentence would be consecutive or concurrent to defendant’s undischarged sentence for the 1979 murder, even though that conviction and the subsequent parole revocation were noted in the presentence investigation report. Penal Law § 70.25 (1) (a) provides, in relevant part:
 

 “when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and the undischarged term or terms in such manner as the court directs at the time of sentence. If the court does not specify the manner in which a sentence imposed by it is to run * * * [a]n indeterminate or determinate sentence shall run concurrently with all other terms.”
 

 The plain language of this statute indicates that the sentencing court’s silence rendered the two sentences concurrent and defendant was therefore entitled to have the time he had served for the 1979 murder credited against the newly imposed sentence
 
 (see
 
 Penal Law § 70.30 [1] [a]).
 
 *
 

 This result is consistent with our decisions in
 
 Minaya
 
 and
 
 Wright,
 
 where the misstatements by the sentencing courts were apparent from the record of the sentencing proceedings. Except where a sentence has been deemed to be illegal, “[i]n no instance have we recognized a court’s inherent power to vacate a plea and sentence over defendant’s objection where the error goes beyond mere clerical error apparent on the face of the record and where the proceeding has terminated by the entry of
 
 *853
 
 judgment”
 
 (Matter of Campbell v Pesce,
 
 60 NY2d 165, 169 [1983]).
 

 The authority to modify a lawful sentence that has commenced is limited to situations where the record in the case clearly indicates the presence of judicial oversight based upon an accidental mistake of fact or an inadvertent misstatement that creates ambiguity in the record. Here, nothing in the record prior to the imposition of the original sentence reveals that the trial court intended to make the new sentence consecutive to the undischarged prison term. Notwithstanding the court’s postjudgment statements of original intent, the subsequent modification of defendant’s sentence was prohibited by GPL 430.10.
 

 Finally, we reject defendant’s contention that the trial court erroneously denied his
 
 Batson
 
 claim. Defendant asserts that under
 
 Hernandez v New York
 
 (500 US 352 [1991]) and
 
 People v Smocum
 
 (99 NY2d 418 [2003]) the trial court could not revisit its finding of prima facie discrimination. Defendant’s failure to raise this argument before the trial judge renders this issue unpreserved and beyond our review.
 

 Accordingly, the order of the Appellate Division should be modified and the matter remitted to Supreme Court, New York County, for further proceedings in accordance with this opinion and, as so modified, affirmed.
 

 Chief Judge Kaye and Judges Smith, Cipabick, Rosenblatt and Read concur.
 

 Order modified, etc.
 

 *
 

 This provision requires that, when prison sentences are concurrent, “the time served under imprisonment on any of the sentences shall be credited against the minimum periods of all the concurrent indeterminate sentences.”