**THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ALLENDE, Appellant.** [911 NYS2d 348]—

Judgment of resentence, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered November 13, 2009, resentencing defendant to a term of 25 years to life, to be served consecutively to a prior undischarged term of imprisonment, unanimously reversed, on the law, the judgment of resentence vacated and the original sentence reinstated.

In imposing sentence on defendant's murder conviction in 2007, the court failed to direct the sentence to run either concurrently or consecutively to defendant's undischarged term on a prior robbery conviction. Therefore, by operation of then-existing law (Penal Law § 70.25 [1] [a]), the sentences ran concurrently. As a result, the time defendant served under the robbery sentence was credited toward the murder sentence, and defendant became eligible for consideration for parole on the murder sentence in 2009, although parole was denied. The court thereafter convened all parties, stated that it had intended the sentences to run consecutively and resentenced defendant accordingly.

However, the court's postjudgment statements of original intent did not permit the subsequent modification of defendant's sentence in violation of CPL 430.10, and the court did not have the inherent authority to make that change. "The authority to modify a lawful sentence that has commenced is limited to situations where the record in the case clearly indicates the presence of judicial oversight based upon an accidental mistake of fact or an inadvertent misstatement that creates ambiguity in the record." (*People v Richardson*, 100 NY2d 847, 853 [2003]).

We find no basis to distinguish *Richardson*. Initially, we note that this case, like *Richardson*, involved a conviction after trial rather than a negotiated plea. As in *Richardson*, the court and the prosecutor were aware of defendant's prior undischarged term at the time sentence was imposed on the murder conviction, but the court failed to announce whether the terms were to run consecutively or concurrently, and the court's silence rendered the two sentences concurrent.

At the original sentencing, the court made statements that evinced a desire that defendant be incarcerated for an extended period. However, the court did not make a clerical or ministerial mistake, nor did it misspeak when it imposed sentence. Instead, it neglected to structure its sentence so as to carry out its ap-

parent wish that defendant serve a lengthy period of imprisonment before being eligible for parole. *Richardson* and CPL 430.10 simply do not permit that kind of mistake to be corrected after a sentence begins. Concur—Gonzalez, P.J., Tom, Sweeny, Richter and Manzanet-Daniels, JJ.