OPINION OF THE COURT
Memorandum.
Ordered that the resentence is affirmed.
After being convicted of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), defendant was sentenced on May 4, 2006 to three years of probation, a condition of the probation being a term of 60 days in jail, and a fine. He served the 60-day term and was released. On June 2, 2009, he admitted to a violation of probation. During the course of the admission proceeding, the District Court told defendant: “I promised that I would sentence you to an additional 60 days incarceration. That’s in addition to the 60 days you already served, and terminate you from probation.”
On June 8, 2009, the sentencing date for the violation of probation, the following took place:
“the court: Pursuant to my promise on June 2, the defendant is terminated from probation. I sentence him to 60 days in jail.
“[defense counsel]: I will just add, we talked about the possibility of the Stop DWI facility.
“the court: That’s fine. We’ll do stop [sic] DWI if eligible.
“[defense counsel]: I appreciate that.”
The court file contains a commitment sheet dated June 8, 2009 that reads, in part, as follows:
*48 “COUNT
“1. 60 DYS in SCJ in Stop DWI.”
On the day of the sentencing, defendant was first taken to the Suffolk County Jail and then released. It may be surmised that he was released because the jail personnel understood his sentence to be simply 60 days, as opposed to an additional 60 days, and credited him with the time applicable to his original 60-day jail term (see Penal Law § 70.30 [5]).
After learning of defendant’s release, the District Court first held an informal hearing with defense counsel and the prosecutor on June 11, 2009, and then held a formal resentencing proceeding in defendant’s presence on June 17, 2009. It resentenced defendant to “120 days in jail which is an additional 60 days to the 60 days sentence that he already served” (see Penal Law § 70.30 [5]). The court imposed the resentence over a protest by the defense that the resentencing violated CPL 430.10, and over the People’s agreement that the resentencing was improper. The court file contains a commitment sheet dated June 17, 2009 that reads, in part, as follows:
“COUNT
“1. 120 DAYS IN SCJ with credit for time served.”
Defendant now argues that the resentencing violated CPL 430.10, the prohibition against double jeopardy, and the requirements of due process. The People agree that the resentencing was both statutorily and constitutionally infirm.
We reject the statutory claim, which is preserved. Criminal Procedure Law § 430.10 (“Sentence of imprisonment not to be changed after commencement”) provides: “Except as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced.”
Despite the restriction imposed by CPL 430.10, “courts retain the inherent power to correct their records, where the correction relates to mistakes, or errors, which may be termed clerical in their nature, or where it is made in order to conform the record to the truth” (People v Richardson, 100 NY2d 847, 850 [2003], quoting People v Minaya, 54 NY2d 360, 364 [1981] [internal quotation marks omitted]; see People v Wright, 56 NY2d 613, 614 [1982]; see also People v Williams, 14 NY3d 198, 212 [2010]). Here, where the District Court’s intent to impose a *49 sentence of an additional 60 days for the violation of probation was apparent from the face of the records of the violation of probation proceeding and the original sentencing for the violation of probation, the resentencing for the violation was permissible (see Wright at 614; Minaya at 364-365; cf. People v Richardson, 100 NY2d 847 [2003]; People v Allende, 78 AD3d 553 [1st Dept 2010]).
We also reject the double jeopardy claim, which does not require preservation (see Williams at 221). The prohibition against double jeopardy does not create a blanket rule that a court may never correct an error by increasing a defendant’s sentence (see e.g. United States v DiFrancesco, 449 US 117, 134 [1980] [“a sentence does not have the qualities of constitutional finality that attend an acquittal”]). Nevertheless, as the Court of Appeals noted in Williams, the prohibition against double jeopardy does mean that a defendant’s sentence may not be increased “once the defendant has a legitimate expectation in the finality of the sentence” (Williams at 215, citing United States v DiFrancesco, 449 US at 135-136). At issue in Williams and its companion cases was whether terms of postrelease supervision (PRS) could be added to the sentences of defendants who had illegally received determinate sentences lacking the PRS component. Applying the legitimate-expectation-of-finality rule, the Court held that PRS terms could not be added to the defendants’ sentences “after [the defendants] had satisfied the original judgments of the respective sentencing courts and been released from incarceration at the termination of their sentences of imprisonment” (Williams at 222), and after the People’s time to appeal from the illegal sentences had expired.
Although defendant here, like the Williams defendants, was not resentenced until after he had been released, there is a significant difference between the instant case and the Williams cases that, in our view, compels a different result here. In each of the Williams cases, the defendant had “completed [his] original sentence[ ] of imprisonment” Williams at 215-216) in accordance with the only reasonable interpretation of the sentencing court’s actual sentencing pronouncement: the sentencing court had pronounced only a sentence of incarceration and had not pronounced a term of PRS. Here, by contrast, defendant could not reasonably have understood the court’s sentencing pronouncement to have meant that the court was sentencing him to no additional time. Having duly served the pronounced sentences as reasonably understood by them, the defendants in *50 Williams acquired a legitimate expectation of finality. The same cannot be said of defendant here (see Nickens v Moscicki, 2010 WL 2899863, *6-8, 2010 US Dist LEXIS 73337, *15-22 [US Dist Ct, SD NY, 09 Civ 03097, Gardephe, J., 2010]; cf. United States v Rico, 902 F2d 1065, 1068-1069 [2d Cir 1990]).
Our conclusion is reinforced by the following observation of the Court of Appeals in Williams: “This analysis has no application to a person who, for example, is erroneously released early by DOCS [Department of Correctional Services]” (14 NY3d at 218 n 3). Although defendant here was perhaps, strictly speaking, not released because of a mistake on the part of jail personnel, his release stemmed from a communication gap between the District Court and jail personnel.
Finally, expiration of the People’s time to appeal from an illegal sentence does not, without more, afford a defendant a legitimate expectation of finality (see People v Woods, 77 AD3d 690 [2010]; see also Williams at 219 n 4). Analogously, here, the inability of the People to challenge the violation of probation sentence as construed by the jail personnel (cf. CPL 440.40 [1]; 450.20 [4]; 450.30 [2], [3]) did not, standing alone, afford defendant a legitimate expectation of finality (see Minaya at 365-366).
The due process claim is not preserved (see People v Voliton, 83 NY2d 192, 195 [1994]), and we decline to reach it in the interest of justice. Were we to reach it, we would find that the resentencing here did not violate the requirements of due process (see DeWitt v Ventetoulo, 6 F3d 32, 35 [1st Cir 1993] [“(o)nly in the extreme case can a court properly say that the later upward revision of a sentence, made to correct an earlier mistake, is so unfair that it must be deemed inconsistent with fundamental notions of fairness embodied in the Due Process Clause”]; see also People v Cavelli, 50 NY2d 919, 921 [1980]). In reaching this conclusion, we take into consideration the facts, among others, that defendant undoubtedly knew when he was released that a mistake had been made (see DeWitt at 36) and that the District Court acted promptly to rectify the misunderstanding (see Cavelli at 921; see generally People v Scalercio, 71 AD3d 1060 [2010]; cf. DeWitt at 36).
We note that defendant is entitled to credit for the time he was at liberty between his release and resentencing (see Cavelli at 921; People ex rel. Bilotti v Warden, N.Y. City Correctional Inst. for Men, 42 AD2d 115 [1973]; cf. Matter of Licitra v Coughlin, 61 NY2d 450 [1984]).
*51 Accordingly, the resentence is affirmed.
Iannacci, J.E, Nicolai and Molía, JJ., concur.