■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOVANNIE FLORESTAL, Appellant. [934 NYS2d 16]—

The court properly granted the People's reverse-*Batson* application (*see Batson v Kentucky*, 476 US 79 [1986]; *People v Kern*, 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]). The record supports the court's finding, which is entitled to great deference, that since counsel failed to challenge non-Asian panelists possessing the same views as those cited as race-neutral reasons for challenging the panelist at issue, those reasons were pretextual (*see e.g. People v Lozado*, 303 AD2d 270 [2003], *lv denied* 100 NY2d 563 [2003]).

Defendant's argument that the trial court failed to follow the *Batson* protocol is unpreserved (*see People v Richardson*, 100 NY2d 847, 853 [2003]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The court correctly followed the three-step *Batson* procedure, and properly found pretext based on its own "founded and articulated rejection of the race-neutral reason" offered by defense counsel (*People v Payne*, 88 NY2d 172, 184 [1996]). Even if "the court may have used the wrong nomenclature in describing its step-three ruling" (*People v Washington*, 56 AD3d 258, 259 [2008], *lv denied* 11 NY3d 931 [2009]), a defect that could have been cured immediately had defendant made a contemporaneous objection, it is clear from the surrounding context that the court's ultimate ruling was a finding of pretext. Concur—Saxe, J.P., Friedman, Renwick, DeGrasse and Freedman, JJ.