Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered June 16, 2011, as amended June 27, 2011, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 13 years, unanimously affirmed.
The court properly granted the People’s reverse-Batson application (Batson v Kentucky, 476 US 79 [1986]; People v Kern, 75 NY2d 638 [1990], cert denied 498 US 824 [1990]). The record supports the court’s express and implied findings (see People v Payne, 88 NY2d 172, 185 [1996]) that the race-neutral reasons provided by defense counsel for the peremptory challenges at issue were pretextual. Since these findings are based primarily on the court’s assessment of counsel’s credibility, they are entitled to great deference (see Snyder v Louisiana, 552 US 472, 477 [2008]; People v Hernandez, 75 NY2d 350, 356 [1990], affd 500 US 352 [1991]). To the extent that defendant is challenging the adequacy of the court’s findings or explanations of its reasoning, and alleging that the court did not follow the three-step Batson procedure, those claims are unpreserved (see People v Richardson, 100 NY2d 847, 853 [2003]), and we decline to review them in the interest of justice. As an alternative holding, we reject his arguments on the merits, as the court followed proper Batson procedures (see Payne, 88 NY2d at 184).
Concur— Tom, J.P, Sweeny, Saxe, Román and Feinman, JJ.