People v Parsley (2023 NY Slip Op 02683)

People v Parsley

2023 NY Slip Op 02683

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-04236
 (Ind. No. 611/10)

[*1]The People of the State of New York, respondent,
v
Charles Parsley, appellant.

Warren S. Landau, Cedarhurst, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (John Carmody and Steven A. Bender of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, by permission, from an order of the County Court, Westchester County (George E. Fufidio, J.), dated February 24, 2021, which denied, without a hearing, his motion pursuant to CPL 440.20(1) to set aside a sentence of the same court (Barbara Gunther Zambelli, J.) imposed June 26, 2012, upon his convictions of murder in the second degree (two counts), attempted murder in the second degree, burglary in the first degree, and assault in the first degree, upon a jury verdict.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying the defendant's motion pursuant to CPL 440.20(1) to set aside his sentence, and substituting therefor a provision granting the motion to the extent that the amended uniform sentence and commitment form dated January 10, 2013, is vacated, and the uniform sentence and commitment form dated June 26, 2012, is reinstated, and otherwise denying the motion; as so modified, the order is affirmed.
In June 2012, the defendant was convicted, upon a jury verdict, of two counts of murder in the second degree (intentional murder and felony murder) with respect to one victim, one count of attempted murder in the second degree with respect to a second victim, one count of assault in the first degree with respect to a third victim, and one count of burglary in the first degree. At the sentencing proceeding, after pronouncing the sentences for the two murder counts and the burglary count, the County Court sentenced the defendant on the attempted murder and assault counts. Separately, as to each of those counts, the court stated that they were "to run consecutively," without specifying the counts to which they were supposed to run consecutively. The court then clarified how the sentences were to run, stating that: "In other words, [the attempted murder count] and [the assault count] are to run consecutively to [the intentional murder count]."
The uniform sentence and commitment form issued on the date of sentencing indicated that the sentences imposed on the attempted murder count and the assault count were to run consecutively to the sentence imposed on the intentional murder count. In January 2013, an amended uniform sentence and commitment form was filed, indicating that the sentences imposed on the intentional murder, attempted murder, and assault counts were to run consecutively to each other.
In March 2020, the defendant moved pursuant to CPL 440.20(1) to set aside his sentence on the ground that the County Court failed to specify how the sentences on certain counts should run with respect to each other, and on the ground that the amended uniform sentence and commitment form constituted an illegal alteration of his sentence made after he began serving his sentence. The People opposed the motion. In an order dated February 24, 2021, the County Court denied the defendant's motion without a hearing. The defendant appeals, by permission, from the order.
"Except as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced" (CPL 430.10; see People v Richardson , 100 NY2d 847, 850). Courts "possess inherent power to correct their records, where the correction relates to mistakes, or errors, which may be termed clerical in their nature, or where it is made in order to conform the record to the truth" (People v Minaya , 54 NY2d 360, 364 [internal quotation marks omitted]), and CPL 430.10 "does not alter [that] power" (People v Minaya , 54 NY2d at 364). However, "[t]he authority to modify a lawful sentence that has commenced is limited to situations where the record in the case clearly indicates the presence of judicial oversight based upon an accidental mistake of fact or an inadvertent misstatement that creates ambiguity in the record" (People v Richardson , 100 NY2d at 853).
In this case, the defendant correctly contends that his legal sentence was improperly altered, in violation of CPL 430.10, by the amended uniform sentence and commitment form after he began serving his sentence. At sentencing, the County Court identified the sentences which were to run consecutively when it stated that, "[i]n other words, [the attempted murder count] and the [assault count] are to run consecutively to the [intentional murder count]." Contrary to the People's contention, the court did not, at any point during the sentencing proceeding, specify how the attempted murder count and the assault count were to run with respect to each other. As a result, the sentences imposed on those counts run concurrently as a matter of law (see Penal Law § 70.25[1][a]; People v Richardson , 100 NY2d at 852; People v Vasquez , 88 NY2d 561, 581). Thus, the original uniform sentence and commitment form reflected the sentence unambiguously imposed by the court during the sentencing proceeding. The record does not indicate that the court misspoke or that its failure to specify that the terms of imprisonment imposed on the intentional murder, attempted murder and assault counts were all to run consecutively to each other was accidental. Therefore, the amended uniform sentence and commitment form effected an improper alteration of the defendant's sentence in violation of CPL 430.10 (see People v Richardson , 100 NY2d at 853; People v Vasquez , 88 NY2d at 581).
Accordingly, the defendant's motion should have been granted to the extent of vacating the amended uniform sentence and commitment form and reinstating the original uniform sentence and commitment form.
The defendant's remaining contentions either are without merit, or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., ZAYAS, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court