People v Dionisio (2024 NY Slip Op 50172(U))

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}
.auto-style1 {
text-decoration: underline;
}
.auto-style2 {
font-weight: bold;
text-decoration: underline;
}
.auto-style3 {
text-align: center;
}

[*1]

People v Dionisio

2024 NY Slip Op 50172(U)

Decided on February 23, 2024

Criminal Court Of The City Of New York, Bronx County

González-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.



Decided on February 23, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

againstClaudio Mejia Dionisio, Defendant.
Docket No. CR-006530-23BX

For the People:Darcel D. Clark, District Attorney, Bronx County(by: Dylan Flanders, Esq.)For the Defendant:The Bronx Defenders 
(by: Weronika Bzura, Esq.)


Yadhira González-Taylor, J.

On October 19, 2023, defendant moved, inter alia, for dismissal of the accusatory instrument on statutory speedy trial grounds pursuant to Criminal Procedure Law ("CPL") §§ 30.30 (1) (b) and 170.30 (1) (e) because of the People's failure to comply with their automatic discovery obligations pursuant to CPL § 245.20 prior to the expiration of their speedy trial time. The People opposed the motion to dismiss but consented to defendant's request for pre-trial Mapp/Huntley/Dunaway/Ingle/Johnson/Atkins hearings and requested that issues of preclusion pursuant to Sandoval/Molineux/Ventimiglia be referred to the trial court.
On December 1, 2023, only that portion of defendant's omnibus motion requesting pre-trial hearings was disposed, and on January 29, 2024, counsel served notice to reargue the motion to dismiss pursuant to CPLR § 2221 (d), which reiterated defendant's prior arguments. The People did not oppose defendant's motion to reargue. Upon review and consideration of the submissions, court file and relevant legal authority, the Court now adjudicates defendant's motion to dismiss as follows:
The People's Certificate of Compliance ("CoC"), dated June 22, 2023, was VALID; and
The prosecution pursuant to CPL 30.30 (1) (b) was TIMELY; and
Defendant's motion to dismiss the accusatory instrument is DENIED.
RELEVENT PROCEDURAL BACKGROUNDOn March 26, 2023, defendant Claudio Mejia Dionisio was arrested and charged with violating Vehicle and Traffic Law ("VTL") (operating a motor vehicle while under the influence of alcohol or drugs §§ 1192 (2), 1192 (2-a) (a), 1192 (3), all misdemeanors, and 1192 (1), a violation. He was arraigned on March 27, 2023, and released on his own recognizance. On June 22, 2023, the People filed their CoC and statement of readiness ("SoR") off-calendar and at a discovery conference held on August 23, 2023, newly assigned defense counsel requested time [*2]to review discovery. In an email dated September 15, 2023, defense counsel advised the court that the prosecution had not complied with their required disclosure of witness information pursuant to CPL § 245.20 (1) (c) nor had the People obtained and disclosed EMS records and statements made to EMS personnel in compliance with CPL §§ 245.20 (1) (a) and 245.20 (2), respectively. On September 27, 2023, a motion schedule was set.

DISCUSSION
I. Applicable Standard for CoC ChallengeTo oppose a motion to dismiss which claims that the prosecution's CoC is illusory due to the prosecution's alleged failure to comply with CPL § 245.20, the People must demonstrate that they met their burden by detailing their efforts to obtain discoverable information (see People v Hernandez, 81 Misc 3d 1201[A], 2023 NY Slip Op 51201[U], *6 [Crim Ct, Bronx County 2023] citing People v Adrovic, 69 Misc 3d 563, 572 [Crim Ct, Kings County 2020]; CPL § 245.50 [3]).If the record does not establish that the People have detailed their efforts to discharge their obligation such that a court cannot determine their due diligence, the CoC must be deemed invalid (see Hernandez, 2023 NY Slip Op 51201[U], *7 citing People v Perez, 75 Misc 3d 1205[A], 2022 NY Slip Op 50387[U], *3 [Crim Ct, Bronx County 2022]; People v Georgiopoulous, 71 Misc 3d 1215[A], 2021 NY Slip Op 50380[U], *6 [Sup Ct, Queens County 2021]; People v Valdez, 80 Misc 3d 544, 547 [Crim Ct, Kings County 2023]).
While there is no one-size fits all blueprint for determining discovery compliance, this Court has held that "by following-up, the very essence of what it means to exercise due diligence," the prosecution's CoC can be deemed valid although some discovery is missing and/or belatedly disclosed (see Hernandez, 2023 NY Slip Op 51201[U], *15 citing People v Franklin, 78 Misc 3d 1232[A], 2023 NY Slip Op 50400[U], *6 [Crim Ct, Bronx County 2023]).
Finally, the Court of Appeals has now addressed the issue of how trial courts can evaluate prosecutorial due diligence in People v Bay, — NE3d —, 2023 NY Slip Op 06407 [2023]. The Bay court found that the "key question in determining if a proper certificate of compliance has been filed is whether the prosecution has exercised due diligence and made reasonable inquiries to determine the existence of material and information subject to discovery," a case-specific inquiry of the record at bar (see Bay, 2023 NY Slip Op 06407, *15-16 [emphasis added]; CPL §§ 245.20 [1], 245.50 [1]).
II. The Parties' Arguments [FN1]

Defendant avers that the prosecution cannot file its CoC until it has already obtained and disclosed discoverable materials (affirmation of defendant's counsel at 10). Defendant further asserts that a shared document labeled "Police Witness Data Sheet" was prepared by NYPD, not by the prosecution, and that this document fails to designate which of the named persons may be [*3]called as a witness (affirmation of defendant's counsel at 13). Next, counsel maintains that although body worn camera footage depicts EMS personnel interacting with civilians at the scene, the People did not disclose EMS records, including a call report, nor any statements allegedly made by defendant to EMS (affirmation of defendant's counsel at 13). Defense counsel claims that although the People were directed to follow-up regarding information concerning civilian witnesses and EMS reports, they have not (affirmation of defendant's counsel at 14-15).
Initially, the People assert that, contrary to defense counsel's supposition, the aforementioned "Police Witness Data Sheet" was prepared by the Bronx District Attorney's Office and the information provided therein includes the names and contact information for all responding police officers and civilian witnesses whose information is known to them (affirmation in opposition at 5). The prosecution contends that further attempts to investigate the existence of additional witnesses were made on October 12 and October 13, 2023, but none of the responding police officers had any additional information (affirmation in opposition at 6). Moreover, the People aver that their designated witness disclosures were set forth in their CoC filing (affirmation in opposition at 6).
Next, the prosecution argues that their obligation to procure FDNY records was governed by CPL § 245.20 (2) and, thus, they were not required to obtain through subpoena information that defendant could retrieve himself as the person who was attended to by EMS (affirmation in opposition at 7). Further, the People state that their ability to obtain EMS records was constrained by privacy laws and, thus, without a HIPAA release from defendant, their subpoena duces tecum was rejected (affirmation in opposition at 7). The People argue that their CoC should not be invalidated because they were unable to obtain EMS records (affirmation in opposition at 8). Lastly, the prosecution claims that dismissal of the accusatory instrument is too drastic a remedy where defendant has demonstrated no prejudice resulting from purported discovery lapses (affirmation in opposition at 9).
III. The Court's AnalysisContrary to defense counsel's assertion that a CoC cannot be filed until the People have actually obtained and disclosed outstanding material to the defense, CPL § 245.60 provides that both the prosecution and the defendant have a continuing duty to disclose information which is subsequently (post-CoC filing) obtained (see CPL § 245.60; see also Bay, 2023 NY Slip Op 06407, *15-16). Indeed, the Court of Appeals, rejecting a standard of strict compliance to gauge the prosecution's compliance with CPL § 245.20 disclosure obligations, instead emphasized several factors that courts should consider to determine whether the prosecution exercised due diligence to discharge their mandated disclosures, including "the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (see Bay, 2023 NY Slip Op 06407, *16).
This Court credits the prosecution's representation that it endeavored to confirm the existence of any further civilian witnesses on October 12 and October 13, 2023, and that none of the police officers responded with additional information. Further, insofar as the People identified trial witnesses in their CoC filing on June 22, 2023, they are bound by that designation [*4]and defense counsel cannot complain that the prosecution's witness list, entirely within the People's prerogative, should be more expansive.
Equally unavailing is defense counsel's reliance upon the holding in People v Rahman, where the trial record demonstrated facts which brought those EMS records within the ambit of CPL § 245.20 (1) (j) disclosures (see Rahman, 79 Misc 3d 129 [A], 2023 NY Slip Op 50692 [U], *1 [App Term, 2 Dept 2023]). In Rahman, the court noted that "EMS provided treatment to the complainant at the request or direction of the NYPD" (see Rahman, 2023 NY Slip Op 50692 [U], *2 [emphasis added]; see also CPL § 245. 20 [1] [j] [concerning the discoverability of physical or mental examinations made at the request or direction of a public servant engaged in law enforcement]). Moreover, unlike the Rahman prosecution, whose efforts to procure EMS records began 47 days following the CoC filing, the facts at bar demonstrate that the People served their subpoena on or about May 17, 2023, prior to the instant CoC filing (see Rahman, 2023 NY Slip Op 50692 [U], *2). Although defendant's motion elides any explanation of why defendant could not obtain his own EMS records, nor clarifies how the prosecution could procure defendant's medical records without a HIPAA release, the facts at bar buttress the People's account of why, despite their due diligence, their subpoena was rejected. It must be axiomatic that the prosecution cannot disclose documentation for which it has no legal right to obtain.
Lastly, defense counsel argues that firefighters or firefighter/paramedics are deemed as law enforcement personnel pursuant to Public Officers Law § 86 (8) and, as such, the FDNY/EMS records in question are presumptively within the People's custody and control (see McKinney's Public Officers Law § 86, NY PUB OFF § 86). However, in this Court's estimation, CPL § 1.20 (34) (i), which narrowly defines as police officers "[t]he chief and deputy fire marshals, the supervising fire marshals and the fire marshals of the bureau of fire investigation of the New York City fire department," proscribes an expansive holding that FDNY/EMS records should be deemed within the "possession of any New York state or local police or law enforcement agency" under the People's control (see CPL §§ 1.20 [34] [i]; 245.20 [1]). The facts at bar do not support a finding that EMS personnel were engaged in law enforcement and defendant's bald statement that documents created by EMS often contain statements concerning an alleged incident do not advance his argument. Considered through the lens of the Bay decision, the record demonstrates that the People exercised due diligence in the discharge of their discovery obligations.
Accordingly, the People's CoC filing was valid.
IV. The CPL § 30.30 CalculationIn a motion to dismiss misdemeanor charges pursuant to CPL § 30.30 (1), the defendant has the initial burden to demonstrate that the prosecution failed to declare trial readiness within the statutorily prescribed time, 90 days (see CPL § 30.30 (1) [b]); People v Luperon, 85 NY2d 71, 77-78 [1995]). The burden then shifts to the People to identify excludable delays (see Luperon, 85 NY2d at 78).
In the case at bar, the People's 30.30 calculation commenced on March 28, 2023, the day after defendant's arraignment. When the People filed a valid CoC on June 22, 2023, they declared their readiness for trial and stopped their speedy-trial clock. Hence, the People were ready for trial 87 days after arraignment, within their statutorily allotted time (see CPL § 30.30 [*5][1] [b]).

CONCLUSION
Based upon the foregoing, defendant's motion for dismissal of the accusatory instrument on statutory speedy trial grounds pursuant to CPL §§ 30.30 (1) (b) and 170.30 (1) (e) is DENIED.
This constitutes the opinion, decision, and the order of the Court.
Dated: February 23, 2024Bronx, New YorkHon. Yadhira González-Taylor, J.C.C.
Footnotes

Footnote 1:
The arguments discussed herein incorporate by reference those advanced in defendant's motion to reargue which are duplicative of the original motion to dismiss. That portion of defendant's Omnibus motion concerning suppression and preclusion of evidence, as well as defendant's reservation of rights to file additional motions, was adjudicated on December 1, 2023.