People v Fuentes (2024 NY Slip Op 50339(U))

[*1]

People v Fuentes

2024 NY Slip Op 50339(U)

Decided on March 29, 2024

Criminal Court Of The City Of New York, Bronx County

Gonzalez-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 29, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Michael Fuentes, Defendant.

Docket No. CR-018220-23BX

For the People:
Darcel D. Clark, District Attorney, Bronx County
(by: ADA Sebastiano Mura)
For the Defendant:
The Bronx Defenders
(by: Eleanor Khirallah, Esq.)

Yadhira González-Taylor, J.

On January 8, 2024, defendant moved for an order invalidating the People's Certificate of Compliance ("CoC") pursuant to Criminal Procedure Law ("CPL") §§ 245.20 and 245.50 (3), dismissing the accusatory instrument on statutory speedy trial grounds pursuant to CPL §§ 30.30 (1) (b), 30.30 (5-a), and 210.20 (1) (g) or, alternatively, an order suppressing evidence of defendant's refusal to submit to a breath test, items recovered from defendant's vehicle, police observations of defendant, statements made by defendant and identification of defendant or pre-trial hearings pursuant to Dunaway/Ingle, Ingle/Johnson/Atkins/Mapp/Dunaway, Huntley/Dunaway and Wade/Crews, respectively, and an order precluding evidence of defendant's prior convictions or bad acts or a hearing pursuant to Sandoval/Ventimiglia/Molineux.[FN1]
On February 1, 2024, the People opposed defendant's motion, except that portion seeking omnibus hearings, and on February 7, 2024, defense counsel filed a reply affirmation. 
Upon review and consideration of the submissions, court file and relevant legal authority, the Court issues the amended Decision and Order which DENIES defendant's motion to dismiss the accusatory instrument, and further holds that:[FN2]

The People's CoC, dated November 19, 2023, was VALID; and
The prosecution pursuant to CPL 30.30 (1) (b) was TIMELY; and
Defendant's request for an order suppressing evidence is DENIED but pre-trial hearings pursuant to Dunaway/Ingle, Ingle/Johnson/Atkins/Mapp/Dunaway, Huntley/Dunaway and Wade/Crews are GRANTED; and
Defendant's request for an order precluding evidence or, alternatively, granting a hearing pursuant to Sandoval/Ventimiglia/Molineux is respectfully REFERRED to the trial court.
RELEVANT PROCEDURAL BACKGROUND
On August 19, 2023, defendant Michael Fuentes was arrested and charged with violating Vehicle and Traffic Law ("VTL") §§ 1192 (3) (driving while impaired), a misdemeanor and 1192 (1) (driving while intoxicated), a violation. Defendant was arraigned on August 21, 2023, and released on his own recognizance.
On November 19, 2023, the People filed their CoC, statement of readiness ("SoR") and Automatic Disclosure Form. At a discovery conference held on December 14, 2023, the Court set the instant motion schedule after defense counsel advised that several discovery items remained undisclosed.
DISCUSSION
I. The Parties' Arguments
Defendant avers that several known discoverable items were not disclosed until after the People's CoC filing, including 911/radio run recordings and documentation, IDTU Technician/Police Officer Robert's ("PO Roberts") activity log and FDNY's response to the prosecution's subpoena (affirmation of defendant's counsel at 6-7). Counsel further maintains that on the morning of the discovery conference held on December 14, 2023, the prosecution finally disclosed PO Robert's activity log but their purported disclosure from the FDNY did not include the computer aided dispatch, call report, certified incident report and 911 communication voice tape/CD, nor did the prosecution disclose a prisoner movement slip and chain of custody voucher for items recovered from defendant's car (affirmation of defendant's counsel at 8-9). Counsel asserts that the People should be charged with nine days of speedy trial time where they failed to timely file a supplemental CoC with disclosures made on December 6, 2023 (affirmation of defendant's counsel at 16-17). Defendant argues that the People's explanation that belatedly disclosed items were previously unavailable misconstrues their duty to disclose pursuant to CPL § 245.20 (1) because the prosecution is deemed to be in actual possession of law enforcement documents (affirmation of defendant's counsel at 18-19). Counsel claims that the prisoner movement slip and chain of custody documentation is still outstanding, and that the [*2]prosecution has failed to demonstrate due diligence to ascertain the extent of and disclose pertinent FDNY records (affirmation of defendant's counsel at 18-19). 
Defendant seeks an order suppressing evidence of defendant's refusal to submit to a breath test, items recovered from defendant's vehicle, police observations of defendant, statements made by defendant and identification of defendant or pre-trial hearings pursuant to Dunaway/Ingle, Ingle/Johnson/Atkins/Mapp/Dunaway, Huntley/Dunaway and Wade/Crews, respectively, and an order precluding evidence of defendant's prior convictions or bad acts or a hearing pursuant to Sandoval/Ventimiglia/Molineux (affirmation of defendant's counsel at 30-34). Lastly, counsel's reply brief argues that consistent with this Court's holding in People v Amissah, the prosecution's supplemental CoC filing on January 31, 2024, was unreasonably delayed following disclosure of additional evidence (reply affirmation of defendant's counsel at 13-16).
Initially, the People's opposition argues that belated discovery in furtherance of their continuing duty to disclose pursuant to CPL § 245.60 demonstrates due diligence and reasonableness under the circumstances (affirmation in opposition at 7). The prosecution contends that they are required to disclose all known materials as opposed to all materials which are presumptively deemed to be within their custody and control (affirmation in opposition at 9).
The People aver that the assigned ADA followed up for outstanding discovery on August 23, 2023, August 30, 2023, October 26, 2023 and October 30, 2023, and diligently pursued 911 records after initially being advised by NYPD's Tapes and Records Unit that due to a snafu in their record keeping, the assigned ADA's request had been rejected because of another pending 911 records request related to a domestic violence incident involving defendant (affirmation in opposition at 13). The People attribute their belated disclosure of PO Robert's activity log to inadvertence where they had already duly requested logs for five other officers (affirmation in opposition at 14). The prosecution avers that they were unsuccessful in procuring FDNY records because FDNY advised that a HIPPA release or so-ordered subpoena was required (affirmation in opposition at 14). 
Next, the People assert that as discussed at the December 14, 2023, discovery conference, they had made multiple requests for a prisoner movement slip and chain of custody report voucher but had been advised that neither document exists and further contend that the record demonstrates that their supplemental CoC and SoR, albeit belatedly filed, was done so in good faith after exercising due diligence (affirmation in opposition at 15-18). Lastly, the People maintain that 90 days are chargeable as speedy trial time, within their statutorily allotted period to declare readiness and they demand reciprocal discovery from defendant pursuant to CPL §§ 245.20 (1)(f), (g), (h), (j), (l) and (o) (affirmation in opposition at 20-21). 
II. The Court's Analysis
CoC Challenge
Contrary to counsel's assertion that a CoC cannot be filed until the People have actually obtained and disclosed outstanding material to the defense, CPL § 245.60 provides that both the prosecution and the defendant have a continuing duty to disclose information which is subsequently (post-CoC filing) obtained (see CPL § 245.60; see also People v Bay, — NE3d &mdash, 2023 NY Slip Op 06407, *15-16 [2023]). 
The Court of Appeals, rejecting a standard of strict compliance to gauge the prosecution's discharge of CPL § 245.20 automatic disclosure obligations, instead emphasized several factors that courts should consider to determine whether the prosecution exercised due diligence, [*3]including "the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (see Bay, 2023 NY Slip Op 06407, *16).
Based upon the record at bar, this Court finds that: 1) the DWI 911 radio run report, though initially requested on August 23, 2023, was mistakenly rejected as duplicative by the NYPD Tapes and Records Unit, which was concurrently processing a domestic violence 911 radio run report request involving defendant; 2) although civilian videos were originally disclosed on September 18, 2023, defense counsel did not advise the People until November 28, 2023, 71 days later, that the videos were not accessible; 3) the subpoena duces tecum for FDNY records pertaining to medical treatment rendered to defendant was rejected pending receipt of his HIPAA release; 4) PO Robert's activity log was inadvertently omitted from the activity logs for several other officers which were disclosed with the People's CoC following repeated requests on August 30, 2023, October 26, 2023, and October 30, 2023; and 5) defense counsel had already been advised at the December 14, 2023, discovery conference that neither a prisoner movement slip nor a property voucher exists. 
Considered through the lens of the Bay decision, the record demonstrates that the People exercised due diligence in the discharge of their discovery obligations. Initially, the assigned ADA followed-up with the NYPD Tapes and Records Unit to resolve the mishap which resulted from their DWI 911 radio run request being cancelled because of a pending DV 911 case also involving defendant. The People were similarly responsive when after being apprised by defense counsel that civilian witness videos were inaccessible, seventy-one days after disclosure, they procured viewable copies of civilian videos within eight days.
Next, although the motion elides any clarification for why defendant could not obtain his own EMS records, nor explains how the prosecution could procure defendant's medical records without his HIPAA release, the facts at bar buttress the People's account of why, although not obligated to obtain by subpoena duces tecum defendant's medical records pursuant to CPL § 245.20 (2), the prosecution's subpoena was rejected. Counsel's reliance upon the holding in People v Rahman is wholly misplaced where the facts at bar demonstrate that the police were called to the scene of a car accident by EMS, who were already attending to defendant (see Rahman, 79 Misc 3d 129[A], 2023 NY Slip Op 50692 [U], *2 [App Div, 2d Dept 2023][EMS records deemed automatically discoverable because the court held that EMS provided treatment to the complainant at the request or direction of the NYPD] [emphasis added]). It must be axiomatic that the prosecution cannot disclose documentation for which it has no legal right to obtain (People v Dionisio, 81 Misc 3d 1247[A], 2024 NY Slip Op 50172[U], *3 [Crim Ct, Bronx County 2024]). 
The Court also finds that the prosecution's omission of PO Robert's activity log from the CoC disclosures was inadvertent where multiple pre-CoC filing requests were made for several other officers. Additionally, the record demonstrates that the People endeavored to confirm multiple times that neither a prisoner movement slip nor a property voucher existed and represented as such before this Court at the December 14, 2023, discovery conference.
Consequently, we find that the People's CoC, filed November 19, 2023, was valid.
The People's Belated SCoC Filing is Mitigated by their Demonstrated Due Diligence
Defense counsel asserts that this Court is bound by its prior holdings in People v Amissah [*4]and People v Henriquez and must charge the prosecution for the time elapsed between disclosure of additional evidence in December 2023, and the supplemental CoC filing on January 31, 2024 (see Amissah, 79 Misc 3d 401, 404-406 [Crim Ct, Bronx County 2023][The 60-day delay in filing an SCoC for disclosures held to be unreasonable where defendant's Giglio demand was long outstanding and the subject of a court order]; see also Henriquez, 80 Misc 3d 1220 [A], 2023 NY Slip Op 51044[U], *4 [Crim Ct, Bronx County 2023][The 50-day delay in filing an SCoC for belated disclosure intended to amend unrelated arrest paperwork served with the CoC deemed unreasonable]).[FN3]

Defense counsel's averment that the People's SCoC "does not demonstrate any efforts after the filing of the COC to obtain the law enforcement materials" is manifestly incorrect. The SCoC 1) details the prosecution's efforts to resolve the confusion occasioned by defendant's pending DV 911 report, which caused the DWI 911 radio run request to be rejected; 2) clarifies that accessible civilian witness videos were reshared with counsel, who did not advise of the issue until 71 days after their initial disclosure; 3) confirms that defendant's EMS records could not be obtained without his HIPAA release; and 4) explains the inadvertence which caused the assigned ADA to overlook PO Robert's activity log despite having made multiple pre-CoC requests for the same documentation pertaining to several officers. This recitation of the prosecution's attempts to comply with mandated disclosures satisfies the Court's inquiry into the reasonableness and due diligence of the People's actions (Amissah, 79 Misc 3d at 407 citing People v Androvic, 69 Misc 3d 563, 574-575 [Crim Ct, Kings County 2020]; see Bay, 2023 NY Slip Op 06407, *16).
This Court considered the unreasonableness of the belated Amissah SCoC filing in the context of the protracted laxity demonstrated by the Amissah prosecution, which initially requested Giglio materials for the arresting officer on April 6, 2022, filed a CoC on June 24, 2022, but did not serve defense with the outstanding discovery until the eve of hearings and trials on January 5, 2023, 274 days later and following the court's Giglio disclosure directive on December 6, 2022. In stark contrast with Amissah, the opposition (and SCoC) at bar "articulates the efforts the prosecution undertook to comply with outstanding discovery prior to filing their SCOC and SSOR" (see Amissah, 79 Misc at 415 citing People v Smith, 2022 NY Slip Op 31224[U], *7 [City Court, Rye County 2022]).
Although counsel argues that the timing of her discovery deficiency notice concerning unwatchable civilian videos was occasioned by her belated assignment to defendant's case, this 71-day delay is a mitigating factor for the Court to consider whether the prosecution, who procured watchable video within eight days of counsel's notice, exercised the requisite due diligence envisaged by the Bay decision (see Henriquez, 2023 NY Slip Op 51044[U], *4 citing CPL § 245.50 [4] [b] ["Challenges to, or questions related to a certificate of compliance shall be addressed by motion; [b] to the extent that the party is aware of a potential defect or deficiency related to a certificate of compliance or supplemental certificate of compliance, the party entitled to disclosure shall notify or alert the opposition party as soon as practicable"][emphasis [*5]added]; see also People v Valdez, 2023 NY Slip Op 23239, *6 [Crim Ct, Kings County 2023]; Bay, 2023 NY Slip Op 06407, *16).
Another distinct difference between this prosecution and the People's discovery discharge in Amissah and Henriquez is that part of the outstanding discovery at bar concerns defendant's own medical records which the People were not statutorily required to obtain by subpoena. However, the prosecution was unable to marshal FDNY records without defendant's HIPAA release. Consequently, defendant will not be heard to complain that the prosecution's SCoC filing was unreasonably delayed based upon the People's unsuccessful attempt to obtain his medical records. 
Although the SCoC was filed 56 days after disclosure of the DWI 911 radio run reporting and 48 days after disclosure of PO Robert's log/memo book, any negative import from the belated SCoC filing is tempered by the People's demonstrated due diligence in pursuit of the DWI 911 report which was disclosed on December 6, 2023, after said request had been rejected because of confusion with a pending DV 911 radio run request. Analogously, the belated SCoC filing does not demonstrate a willful or negligent disregard for the court's role in determining the reasonableness of the prosecution's response where the record establishes that the omission of PO Robert's log/memo book was inadvertent, and because at the December 14, 2023 discovery conference, the People contemporaneously advised defense counsel and the Court that neither a prisoner movement log nor a property voucher existed for defendant's docket (see Amissah, 79 Misc 3d at 410). 
Accordingly, this Court finds that the Amissah and Henriquez holdings are inapposite to the particular circumstances at bar, and we decline to charge the prosecution with time elapsed between their supplemental disclosures on December 6 and December 14, 2023, and the SCoC filing on January 31, 2024. 
III. The CPL § 30.30 Calculation
In a motion to dismiss misdemeanor charges pursuant to CPL § 30.30 (1), the defendant has the initial burden to demonstrate that the prosecution failed to declare trial readiness within the statutorily prescribed time, 90 days (see CPL § 30.30 [1][b]); People v Luperon, 85 NY2d 71, 77-78 [1995]). The burden then shifts to the People to identify excludable delays (see Luperon, 85 NY2d at 78). 
Here, the People's 30.30 calculation commenced on August 22, 2023, the day after defendant's arraignment. When the People filed a valid CoC on November 19, 2023, they declared their readiness for trial and stopped their speedy-trial clock on the 89th day, within the speedy trial time prescribed by law (see CPL § 30.30 [1][b]). 
Accordingly, defendant's motion to dismiss the accusatory instrument is denied and there are no unresolved issues which warrant a hearing pursuant to People v Allard, 28 NY3d 41 [2016].
IV. Defendant's Request for an Order Granting Other Relief
Defendant's request for an order suppressing evidence is DENIED but pre-trial hearings pursuant to Dunaway/Ingle, Ingle/Johnson/Atkins/Mapp/Dunaway, Huntley/Dunaway and Wade/Crews are GRANTED; and
Defendant's request for an order precluding evidence or, alternatively, granting a hearing [*6]pursuant to Sandoval/Ventimiglia/Molineux is respectfully REFERRED to the trial court.
Defendant is further directed to serve a certificate of compliance pursuant to CPL § 245.50 (2).
Lastly, the People are directed to comply with their continuing discovery obligations pursuant to CPL §§ 200.95 and 245, including Brady/Vilardi disclosures.
CONCLUSION
Based upon the foregoing, the Court DENIES defendant's motion to dismiss the accusatory instrument for failure to timely prosecute.
This constitutes the amended opinion, decision, and the order of the Court.
Dated: March 29, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.

Footnotes

Footnote 1:Although defendant purports to move pursuant to CPL § 30.30 (5-a), counsel has advanced no arguments concerning the facial sufficiency of the accusatory instrument. Accordingly, the Court does not adjudicate the issue.

Footnote 2:
 On March 28, 2024, this Court issued a Decision and Order which included a scrivener's error that inadvertently concluded that defendant's motion to dismiss the accusatory instrument was granted. Accordingly, insofar as trial courts retain "the inherent power to correct the record, where correction relates to mistakes, or errors, which may be termed clerical in their nature, or where it is made in order to conform the record to the truth," we hereby issue this amended Decision and Order to correct the scrivener's error and conform the "CONCLUSION" section to the rest of the Court's prior opinion to reflect its intention to deny the motion to dismiss the accusatory instrument (see People v Richardson, 100 NY2d 847, 850 [2003]).

Footnote 3:The People filed a second supplemental CoC and SoR on March 6, 2024, with disclosure of calibration, maintenance and chromatography records pertaining to the Intoxilyzer 9000, consideration of which is not germane to the analysis.