People v White (2025 NY Slip Op 02801)

People v White

2025 NY Slip Op 02801

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2012-07117
 (Ind. No. 611/10)

[*1]The People of the State of New York, respondent,
v
Kasaun White, appellant.

Aidala, Bertuna & Kamins, P.C., New York, NY (Lino J. De Masi of counsel), for appellant.
Susan Cacace, District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barbara G. Zambelli, J.), rendered June 26, 2012, convicting him of murder in the second degree (two counts), attempted murder in the second degree, burglary in the first degree, and assault in first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed, and the matter is remitted to the Supreme Court, Westchester County, for the vacatur of the amended uniform sentence and commitment sheet and the reinstatement of the original uniform sentence and commitment sheet in accordance herewith.
The defendant's contention that his conviction of assault in the first degree is not supported by legally sufficient evidence is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Gray, 86 NY2d 10, 19), and we decline to review it in the exercise of our interest of justice jurisdiction.
Contrary to the defendant's contention, the Supreme Court properly permitted the prosecutor to introduce evidence on redirect examination that the People's witness had previously identified the defendant from a photographic array. The admission of such evidence is appropriate where, as here, the defendant opens the door to this type of inquiry during cross-examination of the witness (see People v Banks, 74 AD3d 1214; People v Hamilton, 33 AD3d 937, 938; People v Jackson, 240 AD2d 680).
The Supreme Court providently exercised its discretion in allowing the People to offer into evidence a video of the defendant and his codefendant walking separately and then side by side in the courtroom. Demonstrations and tests, when relevant to a contested issue, can "'play a positive and helpful role in the ascertainment of the truth'" (People v Caballero, 34 AD3d 690, 691, quoting People v Acevedo, 40 NY2d 701, 704). Here, the video of the defendant and his codefendant walking separately and then side by side was a demonstration relevant to assisting the jury in deciding whether the defendant and his codefendant were the same two men seen walking in a surveillance video in evidence. Any variation in the circumstances under which these demonstrations were conducted affected the weight of the evidence, but was not a basis for their exclusion (see People v Gorham, 72 AD3d 1108, 1110; People v Mariner, 147 AD2d 659).
The defendant's contention that his exclusion from a number of sidebar conferences resulted in a violation of his fundamental right to be present at all material stages of trial is without merit (see People v Fabricio, 3 NY3d 402). The record demonstrates that the sidebar conferences either involved purely legal matters, at which the defendant's presence was not required (see People v DePallo, 96 NY2d 437, 443; People v Rodriguez, 85 NY2d 586, 590-591; People v Crowe, 167 AD3d 1036), or matters in which there was no "potential for the defendant to meaningfully participate in the subject discussions" (People v Fabricio, 3 NY3d at 406; see People v Dokes, 79 NY2d 656, 660).
The defendant's contention that he was prejudiced by certain comments made by the prosecutor during summation is unpreserved for appellate review (see CPL 470.05[2]). In any event, the challenged comments were either fair response to the arguments raised by defense counsel (see People v Halm, 81 NY2d 819, 821), or fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80). However, as the People correctly concede, the defendant's uniform sentence and commitment sheet was erroneously amended in January 2013 to indicate that the sentences imposed on the intentional murder, attempted murder, and assault counts were to run consecutively to each other (see People v Parsley, 216 AD3d 1001, 1002). Accordingly, the amended uniform sentence and commitment sheet must be vacated and the original uniform sentence and commitment sheet issued on the date of sentencing must be reinstated. The defendant's sentences on the attempted murder and assault counts run concurrently with each other and consecutively to the sentence on the intentional murder count (see People v Parsley, 216 AD3d at 1003; see generally People v Richardson, 100 NY2d 847, 853; People v Iacovino, 184 AD3d 857, 858-859). 
BARROS, J.P., WARHIT, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court