People v Iacovino (2020 NY Slip Op 03534)





People v Iacovino


2020 NY Slip Op 03534


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2018-00103
 (Ind. No. 17-00349)

[*1]The People of the State of New York, respondent,
v
Angelo Iacovino, appellant.


Clare J. Degnan, White Plains, NY (Erica L. Danielsen of counsel), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barbara G. Zambelli, J.), rendered November 29, 2017, convicting him of vehicular assault in the second degree, driving while ability impaired by drugs, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress portions of his medical records.
ORDERED that the judgment is affirmed, and the matter is remitted to the County Court, Westchester County, for the issuance of an amended uniform sentence and commitment sheet in accordance herewith.
Contrary to the People's contention, the defendant adequately preserved his argument that he did not waive the physician-patient privilege with respect to references in his medical records regarding recent drug use (see CPL 470.05[2]). However, any error in admitting the disputed portions of the medical records into evidence was harmless beyond a reasonable doubt (see People v Kern, 75 NY2d 638, 659). Although the disputed portions of the medical records tended to show that the defendant was impaired by heroin at the time of the motor vehicle accident, such impairment was also established through, inter alia, evidence that the defendant asked an eyewitness to hide a syringe immediately after the crash, evidence that the defendant's pupils were constricted immediately after the crash, evidence of recent "pin prick[ ]" marks on the defendant's arm, the results of the defendant's blood test, and the defendant's own admission to a law enforcement officer that he "got high" on the day of the accident. In light of the overwhelming evidence of the defendant's guilt, there is no significant probability that the jury would have acquitted the defendant had the disputed portions of the medical records been suppressed (see People v Crimmins, 36 NY2d 230, 242). Under the circumstances, we affirm the judgment.
As the People concede, there are several errors on the defendant's uniform sentence and commitment sheet that require correction. First, the uniform sentence and commitment sheet erroneously states that the defendant was convicted both by plea and verdict, when he was, in fact, convicted by verdict. Second, although the County Court sentenced the defendant as a second felony offender, the uniform sentence and commitment sheet fails to reflect this fact. Third, the court failed to specify whether the defendant's sentences were to run consecutively or concurrently. Pursuant [*2]to Penal Law § 70.25(1), the defendant's sentences are to run concurrently (see Penal Law § 70.25[1]). Accordingly, we remit the matter to the County Court, Westchester County, for the issuance of an amended sentence and commitment sheet that properly reflects that the conviction was by verdict, that the defendant was sentenced as a second felony offender, and that the defendant's sentences are to run concurrently (see e.g. People v Marks, 128 AD3d 852, 854).
AUSTIN, J.P., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court