People v Patterson (2025 NY Slip Op 04585)

People v Patterson

2025 NY Slip Op 04585

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2023-04623

[*1]The People of the State of New York, respondent,
v
David Patterson, appellant. (S.C.I. No. 70733/22)

Margaret M. Walker, Poughkeepsie, NY (Andrew Ellis of counsel), for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered April 5, 2023, convicting him of robbery in the second degree and robbery in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Under the totality of the circumstances, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 559; People v Downing, 233 AD3d 965, 966). Although it would have been better practice for the County Court to discuss with the defendant the waiver of his appellate rights before obtaining an admission of guilt (see People v Powell, 233 AD3d 898, 898), the record reflects that the defendant was aware of the People's demand for an appeal waiver before agreeing to plead guilty, as, among other things, the defendant acknowledged that he had discussed the appeal waiver with his attorney (see People v Callejo, 237 AD3d 1218, 1218; People v Powell, 233 AD3d at 898). Contrary to the defendant's contention, under the circumstances presented, the court's delay in explaining the appeal waiver until after the defendant's factual allocution of the crimes did not render the appeal waiver invalid (see People v Garcia, 237 AD3d 1222, 1223; People v Francois, 235 AD3d 657, 657).
The defendant's valid waiver of his right to appeal precludes appellate review of his contentions that he was sentenced in violation of his right against double jeopardy and that his sentence was excessive (see People v Lopez, 6 NY3d 248, 255; People v Muniz, 91 NY2d 570, 574; People v Ricottilli, 235 AD3d 1013, 1014).
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court