People v Santiago (2025 NY Slip Op 05260)

People v Santiago

2025 NY Slip Op 05260

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DONNA-MARIE E. GOLIA
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-03390
2024-12264

[*1]The People of the State of New York, respondent,
v
Pedro E. Santiago, appellant. (S.C.I. Nos. 132/23, 135/23.)

Carol Kahn, New York, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the County Court, Dutchess County (Edward T. McLoughlin, J.), both rendered March 25, 2024, convicting him of criminal possession of a controlled substance in the third degree under S.C.I. No. 135/23 and robbery in the third degree under S.C.I. No. 132/23, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed, and the matters are remitted to the County Court, Dutchess County, for the issuance of two amended uniform sentence and commitment sheets in accordance herewith.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256; People v Patterson, _____ AD3d _____, _____, 2025 NY Slip Op 04585, *1). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentences imposed were excessive (see People v Randolph, 235 AD3d 780, 780; People v Amado, 226 AD3d 699, 699).
To the extent that the defendant contends that the factual insufficiency of the plea allocution rendered his plea of guilty to robbery in the third degree involuntary and unintelligent, this contention survives a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Javiel, 231 AD3d 967, 967). However, the contention is unpreserved for appellate review, as the defendant did not move to withdraw his plea or otherwise raise this issue before the County Court (see CPL 470.05[2]; People v Lopez, 71 NY2d 662, 663). The exception to the preservation requirement does not apply in this case because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d at 666; People v Prenaj, 239 AD3d 1001, 1001-1002).
As the People correctly concede, however, the defendant's uniform sentence and commitment sheets contain errors that require correction. The uniform sentence and commitment sheet for the defendant's conviction of criminal possession of a controlled substance in the third degree under S.C.I. No. 135/23 states that the defendant was sentenced to a determinate term of imprisonment of five years, to be followed by two years of postrelease supervision when he was, in [*2]fact, sentenced to a determinate term of imprisonment of seven years, to be followed by two years of postrelease supervision. The defendant's uniform sentence and commitment sheet for his conviction for robbery in the third degree under S.C.I. No. 132/23 states that he was sentenced to a determinate term of imprisonment of seven years, to be followed by five years of postrelease supervision when he was, in fact, sentenced to an indeterminate term of 2⅓ to 7 years of imprisonment. Accordingly, we remit both matters to the County Court, Dutchess County, for the issuance of amended uniform sentence and commitment sheets that properly reflect the defendant's sentences for his convictions of criminal possession of a controlled substance in the third degree under S.C.I. No. 135/23 and robbery in the third degree under S.C.I. No. 132/23 (see e.g. People v Iacovino, 184 AD3d 857, 859).
DUFFY, J.P., MILLER, GOLIA and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court