People v Brown (2026 NY Slip Op 00384)

People v Brown

2026 NY Slip Op 00384

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-08957
 (Ind. No. 70764/23)

[*1]The People of the State of New York, respondent,
vCarlos Brown, appellant.

Patricia Pazner, New York, NY (Victoria Broderick of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael D. Kitsis, J.), rendered September 13, 2023, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for the issuance of an amended court order for investigation and report, amended presentence investigation report, and amended uniform sentence and commitment sheet in accordance herewith.
Contrary to the defendant's contention, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 567; People v Lopez, 6 NY3d 248, 256-257).
The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the Supreme Court's suppression determination (see People v Sanders, 25 NY3d 337, 341-342; People v Colonna, 239 AD3d 671) and his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 256).
As the People correctly concede, the court order for investigation and report, the presentence investigation report, and the uniform sentence and commitment sheet contain certain clerical errors that require correction. Each of these documents erroneously states that the defendant was convicted of criminal possession of a weapon in the second degree under Penal Law § 265.03(1)(b), when in fact he was convicted under Penal Law § 265.03(3), as reflected in the plea and sentencing minutes. The court order for investigation and report also incorrectly states that the date of the defendant's offense was September 27, 2022, rather than January 1, 2023. In addition, the uniform sentence and commitment sheet erroneously states that the defendant was charged with two counts of criminal possession of a weapon in the second degree under Penal Law § 265.03(1)(b), one count of criminal possession of a weapon in the second degree under Penal Law § 265.03(3), and one count of criminal possession of a weapon in the fourth degree under Penal Law § 265.01(1), when in fact he was charged with two counts of criminal possession of a weapon in the second degree under Penal Law § 265.03(3), two counts of criminal possession of a firearm under Penal [*2]Law § 265.01-b(1), and two counts of criminal possession of a weapon in the fourth degree under Penal Law § 265.01(1).
Accordingly, we remit the matter to the Supreme Court, Kings County, for the issuance of an amended court order for investigation and report, amended presentence investigation report, and amended uniform sentence and commitment sheet to properly reflect that the defendant was convicted of one count of criminal possession of a weapon of the second degree under Penal Law § 265.03(3), that the offense was committed on January 1, 2023, and that the charging instrument charged the defendant with two counts of criminal possession of a weapon in the second degree under Penal Law § 265.03(3), two counts of criminal possession of a firearm under Penal Law § 265.01-b(1), and two counts of criminal possession of a weapon in the fourth degree under Penal Law § 265.01(1) (see People v Petrangelo, 233 AD3d 1028, 1029; People v Iacovino, 184 AD3d 857, 858-859; see also People v Infinger, 194 AD3d 1183, 1188-1189).
CHAMBERS, J.P., DOWLING, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court